[This opinion has been published in *Ohio Official Reports* at 80 Ohio St.3d 637.]

THE STATE EX REL. CARRION, APPELLANT, *v*. OHIO ADULT PAROLE
AUTHORITY ET AL., APPELLEES.

[Cite as *State ex rel. Carrion v. Ohio Adult Parole Auth.*, 1998-Ohio-656.]

*Habeas corpus seeking release from confinement after revocation of parole—*
*Petition dismissed, when.*

(No. 97-1220—Submitted December 3, 1997—January 7, 1998.)

APPEAL from the Court of Appeals for Marion County, No. 9-97-23.

————————————

{¶ 1} In 1985, appellant, Jose A. Carrion, was convicted of robbery and sentenced to a term of eight-to-fifteen years in prison. In May 1993, appellee Ohio Adult Parole Authority ("APA") paroled Carrion and specified that his parole would continue "[f]or a period of not less than one year * * * when [he] will become eligible for final release consideration * * *." Carrion understood that he would be subject to the stated parole conditions until he received an APA certificate discharging him from supervision. In May 1995, the APA revoked Carrion's parole following his acquittal on new criminal charges. After being reparoled, Carrion was convicted of several new crimes in March 1996, and the APA revoked his parole based on these convictions.

{¶ 2} In March 1997, Carrion filed a petition in the Court of Appeals for Marion County requesting a writ of habeas corpus to compel his release from prison. The court of appeals dismissed the petition.

{¶ 3} This cause is now before the court upon Carrion's appeal as of right.

————————————

*Jose Carrion, pro se.*

*Betty D. Montgomery*, Attorney General, and *Donald Gary Keyser*, Assistant Attorney General, for appellees.

_____

*Per Curiam*.

{¶ 4} Carrion asserts in his first, second, and third propositions of law that the APA lacked jurisdiction to extend the term of his 1993 parole beyond twelve months and thereby violated his constitutional rights. Carrion's contentions are meritless for the following reasons. First, " '[t]here is no constitutional or inherent right * * * to be conditionally released before the expiration of a valid sentence.' " *State ex rel. Hattie v. Goldhardt* (1994), 69 Ohio St.3d 123, 125, 630 N.E.2d 696, 698, quoting *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex* (1979), 442 U.S. 1, 7, 99 S.Ct. 2100, 2104, 60 L.Ed.2d 668, 675. Second, as the court of appeals correctly determined, the APA parole certificate relied on by Carrion did not specify that Carrion would be released after twelve months; it stated only that he would become eligible for release consideration. Habeas corpus is appropriate only if the petitioner is entitled to immediate release from prison. *State ex rel. Lemmon v. Ohio Adult Parole Auth.* (1997), 78 Ohio St.3d 186, 188, 677 N.E.2d 347, 349.

{¶ 5} In his second proposition of law, Carrion also challenges the APA's 1995 parole revocation because it lacked any factual basis. In his petition, Carrion contended that the APA lacked authority to revoke his parole in 1995 because his acquittal of criminal charges removed all factual basis to support a parole violation finding and the APA did not revoke his parole in accordance with minimum due process rights parolees are entitled to under *Morrissey v. Brewer* (1972), 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484. Carrion's claim, however, is meritless because parole may be revoked even though criminal charges based on the same facts are dismissed, the defendant is acquitted, or the conviction is overturned, unless all factual support for the revocation is removed. *State ex rel. Askew v. Goldhart* (1996), 75 Ohio St.3d 608, 609-610, 665 N.E.2d 200, 201. Carrion's petition failed to specify facts supporting his conclusory allegation that all factual support for the

APA's 1995 revocation was removed by his acquittal of the new criminal charges. See *State ex rel. Jackson v. McFaul* (1995), 73 Ohio St.3d 185, 187, 652 N.E.2d 746, 748 (Unsupported conclusions of a habeas corpus petition are not considered admitted and are insufficient to withstand dismissal.); *State ex rel. Hickman v. Capots* (1989), 45 Ohio St.3d 324, 544 N.E.2d 639 (In order to avoid dismissal of extraordinary writ action, inmate must plead specific facts to show how dismissal of criminal charges removed all factual support for parole revocation.). In addition, "[a]s long as an unreasonable delay has not occurred, the remedy for noncompliance with the *Morrissey* parole-revocation due process requirements is a new hearing, not outright release from prison." *Jackson*, 73 Ohio St.3d at 188, 652 N.E.2d at 749. Carrion did not allege any unreasonable delay.

{¶ 6} In his fourth proposition of law, Carrion asserts that the court of appeals erred by refusing to serve a copy of his petition on appellees. But R.C. Chapter 2725 prescribes a summary procedure for instituting a habeas corpus action, which does not require service of the petition prior to dismissal if the petition does not contain a facially valid claim. See *Pegan v. Crawmer* (1995), 73 Ohio St.3d 607, 608-609, 653 N.E.2d 659, 661; *Hammond v. Dallman* (1992), 63 Ohio St.3d 666, 590 N.E.2d 744.

{¶ 7} Based on the foregoing, the court of appeals correctly dismissed Carrion's petition. He did not allege with sufficient particularity his entitlement to habeas corpus relief. Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————