MOORE, APPELLANT, *v.* LEONARD, WARDEN, APPELLEE.

[Cite as *Moore v. Leonard* (1999), 85 Ohio St.3d 189.]

(No. 98–2631—Submitted March 10, 1999—Decided April 7, 1999.)

190

*Ronald Moore,* pro se.

*Betty D. Montgomery,* Attorney General, and *Diane Mallory,* Assistant Attorney General, for appellee.

***Per Curiam.*** We affirm the judgment of the court of appeals for the reasons stated in its judgment entry. Parole may be revoked even though criminal charges based on the same facts are dismissed, the defendant is acquitted, or the conviction is overturned, unless all factual support for the revocation is removed. *State ex rel. Carrion v. Ohio Adult Parole Auth.* (1998), 80 Ohio St.3d 637, 638, 687 N.E.2d 759, 760. In order to avoid dismissal of an improper-revocation claim based on the foregoing exception, an inmate must plead specific facts to show how dismissal of the criminal charges removed all factual support for the parole revocation. *State ex rel. Hickman v. Capots* (1989), 45 Ohio St.3d 324, 544 N.E.2d 639. Moore, however, did not plead specific facts showing that all factual support for his parole revocation had been removed by the dismissal of his criminal charges. In fact, the attachments to his petition established that not all factual support for his revocation had been removed by the dismissal of his criminal charges. See *Barnett v. Ohio Adult Parole Auth.* (1998), 81 Ohio St.3d 385, 387, 692 N.E.2d 135, 136–137.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.