THE STATE EX REL. PARKER, APPELLANT, *v.* TATE, WARDEN, APPELLEE.

[Cite as *State ex rel. Parker v. Tate* (1999), 86 Ohio St.3d 625.]

(No. 99–786—Submitted August 25, 1999—Decided September 29, 1999.)

*Timothy Parker,* pro se.

*Betty D. Montgomery,* Attorney General, and *Diane D. Mallory,* Assistant Attorney General, for appellee.

**Per Curiam.** We affirm the judgment of the court of appeals. Parker failed to allege sufficient facts supporting his claims to withstand dismissal. See *State ex rel. Jackson v. McFaul* (1995), 73 Ohio St.3d 185, 188, 652 N.E.2d 746, 748–749; *State ex rel. Carrion v. Ohio Adult Parole Auth.* (1998), 80 Ohio St.3d 637, 638, 687 N.E.2d 759, 760. Parker instead relied on conclusory allegations that his "defense was hurt by the many delays" and that his acquittal "removed all factual support" for his revocation. *Jackson* and *Carrion.* In fact, the attachments to Parker's own petition establish that one of his charged parole violations was his failure to notify his parole officer of his arrest on the new criminal charges. Consequently, it is evident that acquittal on those charges did not remove all factual support for his parole revocation.[1]

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

---

1. Although the court of appeals erred in relying in part on materials attached to appellee's dismissal motion in making its determination, *State ex rel. Freeman v. Morris* (1991), 62 Ohio St.3d 107, 109, 579 N.E.2d 702, 703, this error does not warrant reversal. See *Johnson v. Ohio Parole Bd.* (1997), 80 Ohio St.3d 140, 141, 684 N.E.2d 1227, 1227–1228.