[This opinion has been published in *Ohio Official Reports* at 86 Ohio St.3d 625.]

THE STATE EX REL. PARKER, APPELLANT, *v.* TATE, WARDEN, APPELLEE.

[Cite as *State ex rel. Parker v. Tate*, 1999-Ohio-129.]

*Habeas corpus to compel relator's release from prison—Dismissal of petition affirmed, when.*

(No. 99-786—Submitted August 25, 1999—Decided September 29, 1999.)

APPEAL from the Court of Appeals for Belmont County, No. 98-BA-45.

———————————

{¶ 1} In 1988, appellant, Timothy Parker, was convicted of aggravated burglary, attempted aggravated burglary, and robbery, and sentenced to prison. In 1993, he was released on parole and subsequently arrested on new criminal charges, but was acquitted in February 1994. In November 1994, after holding a revocation hearing, the Ohio Parole Board revoked Parker's parole.

{¶ 2} In 1998, Parker filed a petition in the Court of Appeals for Belmont County for a writ of habeas corpus to compel appellee, Belmont Correctional Institution Warden Arthur Tate, to release him from prison. Parker claimed that he was entitled to the writ because of the Parole Board's unreasonable nine-month delay in conducting his parole revocation hearing and the removal of all factual support for the revocation due to his acquittal on the new criminal charges. Appellee filed a motion to dismiss, which referenced attached exhibits. In 1999, the court of appeals granted the motion and dismissed the petition. The court of appeals relied in part on the exhibits attached to appellee's dismissal motion.

{¶ 3} This cause is now before the court upon an appeal as of right.

———————————

*Timothy Parker, pro se*.

*Betty D. Montgomery*, Attorney General, and *Diane D. Mallory*, Assistant Attorney General, for appellee.

_____

*Per Curiam.*

**{¶ 4}** We affirm the judgment of the court of appeals. Parker failed to allege sufficient facts supporting his claims to withstand dismissal. See *State ex rel. Jackson v. McFaul* (1995), 73 Ohio St.3d 185, 188, 652 N.E.2d 746, 748-749; *State ex rel. Carrion v. Ohio Adult Parole Auth.* (1998), 80 Ohio St.3d 637, 638, 687 N.E.2d 759, 760. Parker instead relied on conclusory allegations that his "defense was hurt by the many delays" and that his acquittal "removed all factual support" for his revocation. *Jackson* and *Carrion.* In fact, the attachments to Parker's own petition establish that one of his charged parole violations was his failure to notify his parole officer of his arrest on the new criminal charges. Consequently, it is evident that acquittal on those charges did not remove all factual support for his parole revocation.[1]

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

1. Although the court of appeals erred in relying in part on materials attached to appellee's dismissal motion in making its determination, *State ex rel. Freeman v. Morris* (1991), 62 Ohio St.3d 107, 109, 579 N.E.2d 702, 703, this error does not warrant reversal. See *Johnson v. Ohio Parole Bd.* (1997), 80 Ohio St.3d 140, 141, 684 N.E.2d 1227, 1227-1228.