OPINION and JOURNAL ENTRY
This cause arises as a Petition for Writ of Habeas Corpus whereby petitioner alleges he is wrongfully incarcerated by the respondent. Specifically, petitioner alleges that the criminal charges which were the basis for the revocation of his parole, were dismissed by the trial court and "no billed" by the Grand Jury, thereby removing any factual underlying basis for his parole revocation. Petitioner also alleges that his parole revocation hearing was "flawed" in that the Adult Parole Authority refused to consider exculpatory evidence produced in his behalf.
The facts indicate that on July 29, 1992 petitioner was sentenced to three to fifteen years incarceration for robbery. On August 8, 1994, petitioner was paroled. On December 1, 1994 petitioner's parole was revoked for violations of parole rules.
On July 9, 1996 petitioner was again paroled to a halfway house. On October 1, 1996 petitioner's parole was again revoked for violation of the rules of the halfway house.
Finally, on August 17, 1998 petitioner was again paroled. On September 30, 1998 after a routine traffic stop, a gun was found in the car carrying the petitioner. As a result, petitioner was charged with carrying a concealed weapon and having a weapon under disability. On December 29, 1998 after an initial hearing, petitioner's parole was terminated for failure to comply with the conditions of his parole and he was returned to the custody of the State of Ohio.
On April 13, 1999 petitioner received his final parole revocation hearing and was found to be a parole violator.
On August 31, 1999 petitioner filed this instant petition for writ of habeas corpus.
Petitioner's petition and allegations are without merit.
Petitioner alleges that since the criminal charges of carrying a concealed weapon and having a weapon while under disability were terminated without a conviction, the underlying factual support for his parole revocation was removed. Petitioner's claim is meritless because, "parole may be revoked even though criminal charges based on the same facts are dismissed, the defendant is acquitted, or the conviction is overturned, unless all factual support for the revocation is removed". State ex rel. Carrion v.Ohio Adult Parole Auth. (1998), 80 Ohio St.3d 637, at 638. There was testimony during the parole revocation hearing that, "she later saw you remove a gun from your sock and place it on the car bench seat between * * *." (See Respondent's Exhibit C-Summary of Evidence). Thus, all the factual support for the revocation was not removed in this case. Petitioner's allegation that the gun in question may not have been "operable" is also without merit. Petitioner's condition of probation No. 6 states:
 "6. I will not purchase, possess; use or have under my control, any firearms, ammunition, dangerous ordnance or weapons, including chemical agents, electronic devices used to immobilize, pyrotechnics and/or explosive devices."
Petitioner has not alleged that this gun was not loaded with ammunition. Thus, even if the weapon was inoperable (which is not admitted at this time), petitioner was still in fact in violation of his conditions of parole.
Petition for Writ of Habeas Corpus by petitioner is denied.
Motion to dismiss by respondent is granted.
Costs taxed against petitioner.
Final order. Clerk to serve a copy of this order to the parties as provided by the civil rules.
 ____________________ GENE DONOFRIO, JUDGE
 _________________________ JOSEPH J. VUKOVICH, JUDGE
 ______________________ CHERYL L. WAITE, JUDGE