[This decision has been published in *Ohio Official Reports* at 91 Ohio St.3d 84.]

REYES, APPELLANT, *v.* TATE, WARDEN, APPELLEE.

[Cite as *Reyes v. Tate*, 2001-Ohio-289.]

*Habeas corpus to compel relator's release from prison—Dismissal of petition affirmed.*

(No. 00-1876—Submitted January 31, 2001—Decided February 28, 2001.)

APPEAL from the Court of Appeals for Belmont County, No. 00-BA-14.

————————————

*Per Curiam.*

{¶ 1} In March 1993, the Cuyahoga County Court of Common Pleas convicted appellant, Armando Reyes, of attempted robbery and sentenced him to prison. Reyes's sentence was suspended, and he was placed on two years' probation. Thereafter, Reyes violated the terms of his probation and was incarcerated. Reyes was subsequently paroled, and his parole officer ordered him not to visit the residence of his ex-girlfriend without the officer's written permission.

{¶ 2} On July 26, 1997, the record indicates that Reyes went to his ex-girlfriend's home, damaged her screen-door window by throwing a hammer through it, and then beat up her new boyfriend by hitting him repeatedly with a piece of wood. Although the state entered a *nolle prosequi* on new charges of felonious assault and aggravated burglary arising from Reyes's conduct, the Ohio Parole Board revoked his parole based on this conduct in July 1997. In October 1999, the board relied on Reyes's July 1997 conduct in deciding not to parole him and to have him continue his incarceration until the expiration of his maximum sentence.

{¶ 3} In March 2000, Reyes filed a petition in the Court of Appeals for Belmont County for a writ of habeas corpus to compel appellee, Reyes's prison

warden, to release him from prison. Reyes claimed that the state's dismissal of the 1997 criminal charges removed all factual support for them and that the Parole Board's continued reliance on this alleged conduct violated his constitutional due process rights. Appellee filed a motion to dismiss. In September 2000, the court of appeals granted appellee's motion and dismissed the petition.

{¶ 4} In his appeal as of right, Reyes essentially asserts that the court of appeals erred in dismissing his habeas corpus petition. Reyes's assertion lacks merit.

{¶ 5} "Parole may be revoked even though criminal charges based on the same facts are dismissed, the defendant is acquitted, or the conviction is overturned, unless all factual support for the revocation is removed." *Moore v. Leonard* (1999), 85 Ohio St.3d 189, 190, 707 N.E.2d 867, 868. The state's dismissal of the felonious assault and aggravated burglary charges against Reyes did not remove all factual support for the revocation. The attachments to Reyes's petition establish that the Parole Board had substantial evidence before it, including the testimony of police officers, to support its findings that Reyes committed the charged parole violations, *i.e.*, that he criminally damaged property, assaulted his ex-girlfriend's new boyfriend, and failed to obey an order of his parole officer. See *State ex rel. Parker v. Tate* (1999), 86 Ohio St.3d 625, 626, 716 N.E.2d 210, 211.

{¶ 6} In addition, as long as an unreasonable delay has not occurred, the remedy for noncompliance with parole-revocation due process requirements is generally a new hearing, not outright release from prison. *State ex rel. Johnson v. Ohio Adult Parole Auth.* (2000), 90 Ohio St.3d 208, 209, 736 N.E.2d 469, 471.

{¶ 7} Finally, Reyes has no constitutional or inherent right to be conditionally released from prison before the expiration of his sentence. *State ex rel. Recker v. Leonard* (2000), 88 Ohio St.3d 223, 224, 724 N.E.2d 805, 806.

{¶ 8} Therefore, the court of appeals properly dismissed the petition. Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————

*Armando Reyes, pro se*.

*Betty D. Montgomery*, Attorney General, and *Diane Mallory*, Assistant Attorney General, for appellee.

————————————