OPINION
Defendant-appellant, Gregory G. Tranter, appeals the decision of the Clermont County Court of Common Pleas revoking his community control sanction and imposing a sentence of imprisonment. We affirm the decision of the trial court.
In 1997, appellant was sentenced to eighteen months in prison after pleading guilty to receiving stolen property. The trial court suspended appellant's sentence of imprisonment and placed appellant on probation. While on probation, appellant was arrested and charged with two counts of theft and five counts of forgery. Appellant pled guilty to two counts of theft and one count of forgery. The trial court recognized that appellant violated a term of his probation by committing the theft crimes, but nonetheless did not revoke appellant's probation. The trial court sentenced appellant to five years of community control and six months in jail for the theft and forgery offenses.[1]
In July 1999, appellant was charged with possession of crack cocaine and possession of drug abuse instruments. As such, the trial court found that appellant violated a condition of the probation he was serving for receiving stolen property. The trial court revoked appellant's probation and ordered him to serve eighteen months in the Ohio State Penal System. The trial court did not revoke the community control sanction for appellant's theft and forgery convictions.
The trial court granted appellant shock probation in December 1999. Shortly thereafter, the Clermont County Adult Probation Department filed an affidavit with the trial court alleging appellant violated terms of his probation and community control sanction. After conducting a hearing on the matter, the trial court found that appellant had violated several of the conditions of his probation and community control sanction. The trial court revoked appellant's probation and the community control sanction. The trial court ordered appellant to serve the suspended eighteen-month sentence of imprisonment for receiving stolen property. Appellant was also ordered to serve two terms of eleven months in prison for each count of theft, to be served consecutive to each other and to the re-imposed sentence for receiving stolen property. The trial court also sentenced appellant to a concurrent term of eleven months in prison for forgery. Appellant appeals the decision of the trial court and raises three assignments of error.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT IN THE APPOINTMENT OF COUNSEL.
 In his first assignment of error, appellant argues that he was denied effective assistance of counsel during the revocation hearing for two reasons. First, appellant maintains that his counsel committed a significant error by failing to file a motion to suppress. Second, appellant argues that his trial counsel erred by failing to move the trial court for a judgment of acquittal at the end of the state's presentation of evidence and at the end of the hearing.
A probation revocation hearing is not part of a formal criminal prosecution but is "an informal hearing structured to assure that the finding of a *** [probation] violation will be based on verified facts and that the exercise of discretion will be informed by an accurate knowledge of the *** [probationer's] behavior." State v. Hylton (1991),75 Ohio App.3d 778, 781, quoting Morrissey v. Brewer (1972), 408 U.S. 471,92 S.Ct. 2593. A community control sanction revocation hearing and probation revocation hearing are analogous. See, e.g., State v. Keener
(June 9, 1999), Wayne App. No. 98CA0036, unreported; State v. Davis (June 26, 1998), Lake App. No. 97-L-133, unreported.
Under Ohio law, a criminal defendant has a right to counsel at any hearing to determine whether he has violated a condition of a community control sanction or probation. Crim.R. 32.3(B); State v. Frost (1993),86 Ohio App.3d 772, 775. Since there is a right to be represented by counsel at such a hearing, it follows that the criminal defendant has a right to effective assistance of counsel. See State v. Stephens (May 28, 1999), Huron App. No. H-98-045, unreported; State v. Sauer (Aug. 5, 1997), Pickaway App. No. 96CA14, unreported.
To establish a claim of ineffective assistance of counsel, appellant must first show that his counsel's actions were outside the wide range of professionally competent assistance. Strickland v. Washington (1984),466 U.S. 668, 687, 104 S.Ct. 2052, 2064. Second, appellant must demonstrate that he was prejudiced at trial as a result of counsel's actions. Id. at 689, 104 S.Ct. at 2065. To demonstrate prejudice, appellant must prove that, but for counsel's actions, there is a reasonable probability that the result of the proceeding would have been different. Id. at 694, 104 S.Ct. at 2068. A strong presumption exists that licensed attorneys are competent and that the challenged action is the product of a sound trial strategy and falls within the wide range of reasonable professional assistance. State v. Bradley (1989),42 Ohio St.3d 136, certiorari denied (1990), 497 U.S. 1011,110 S.Ct. 3258. "Judicial scrutiny of counsel's performance is to be highly deferential, and reviewing courts must refrain from second-guessing the strategic decisions of trial counsel." State v. Carter (1995),72 Ohio St.3d 545, 558.
First, appellant argues that his counsel was deficient for failing to file a motion to suppress. Though appellant fails to specifically identify what evidence he believes should have been suppressed, it appears that appellant claims that his counsel should have moved the trial court to suppress a baggie of cocaine found in a police car where he had been sitting. Evidence obtained through an unreasonable or unlawful search and seizure is generally admissible in probation or parole revocation proceedings. State ex rel. Wright v. Ohio Adult Parole Auth.
(1996), 75 Ohio St.3d 82, paragraph two of the syllabus. Since the exclusionary rule does not apply to a probation violation hearing to suppress fruits of an illegal search, appellant's counsel was not ineffective for failing to file a motion to suppress. Moreover, appellant is unable to show prejudice from his counsel's actions because the trial court expressly rejected the evidence in its determination that appellant violated the conditions of his probation and community control sanction.
Second, appellant claims that he was denied effective assistance of counsel because his counsel failed to move the trial court for an acquittal pursuant to Crim.R. 29 at the close of the state's evidence and at the end of the hearing. Crim.R. 29 mandates that a trial court must enter a judgment of acquittal if the state's evidence is insufficient to sustain a conviction of one or more offenses charged in an indictment, information or complaint. Since a revocation hearing is not part of a formal criminal prosecution but an informal hearing structured to find a probation violation, Hylton (1991), 75 Ohio App.3d at 781, a motion for acquittal is wholly inapplicable to the proceeding. In fact, parole or probation "may be revoked even though criminal charges based on the same facts are dismissed, the defendant is acquitted, or the conviction is overturned, unless all factual support for the revocation is removed."Reyes v. Tate (2001), 91 Ohio St.3d 84, quoting Moore v. Leonard (1999),85 Ohio St.3d 189, 190. Similarly, a trial court may find a violation of a condition of community control from underlying facts and evidence that are insufficient to sustain a criminal conviction. See State v. Craig
(1998), 130 Ohio App.3d 639, 642. Therefore, appellant's counsel was not ineffective for failing to move the trial court for an acquittal pursuant to Crim.R. 29.
Appellant's claims for ineffective assistance of counsel do not fall outside the wide range of professionally competent representation. Therefore, appellant's counsel did not render ineffective assistance of counsel. Appellant's first assignment of error is overruled.[2]
Assignment of Error No. 2:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT IN FINDING THAT HIS PROBATION SHOULD BE VIOLATED.
 In his second assignment of error, appellant argues that the trial court abused its discretion by revoking his probation and community control sanction.
Because a revocation hearing is not a criminal trial, the prosecution does not need to adduce proof beyond a reasonable doubt to support a revocation of probation or a community control sanction. Hylton,75 Ohio App.3d at 782; State v. Fair (Jan. 28, 2000), Auglaize App. No. 2-99-33, unreported; State v. Davis (June 26, 1998), Lake App. No. 97-L-133, unreported. The quantum of evidence required to support a revocation must be substantial. Id. The decision whether to revoke an offender's probation or community control sanction is left to the sound discretion of the trial court, and absent an abuse of that discretion, the decision of the trial court will not be reversed. State v. McKnight (1983),10 Ohio App.3d 312, 313; State v. Davis (June 26, 1998), Lake App. No. 97-L-133, unreported. The term "abuse of discretion" connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. State v. Rivera (1994),99 Ohio App.3d 325, 328. A trial court does not abuse its discretion by revoking an offender's probation where the violation in question was one over which the offender had control or where the probation condition which has been violated was appropriate. State v. Jones (1990),49 Ohio St.3d 51, 53, 550 N.E.2d 469; State v. Stockdale (Sept. 26, 1997), Lake App. No. 96-L-172, unreported.
William Epeards, appellant's probation officer, testified at the hearing that appellant smelled of alcohol during a visit with him. Appellant also admitted to him that he used alcohol. Appellant tested positive for alcohol consumption. Epeards also testified that appellant tested positive for use of cocaine and produced the test results at the hearing. Epeards also indicated that appellant failed to report for scheduled meetings with him, to provide information where he could be located and to provide proof of employment. In addition, there was testimony at the hearing that appellant failed to complete the court-ordered "TASC" program. All of these incidents were in violation of the terms of appellant's probation and community control.
Appellant testified that his positive alcohol test was the result of using Nyquil. Appellant maintained that he only tested positive for cocaine because somebody surreptitiously poured some in his drink one night. Appellant asserted that he did report to the Clermont County Adult Probation Department.
At the conclusion of the hearing, the trial court found appellant's testimony required a "belief [in] an amazing constellation of events that is just incredible." The trial court found that appellant violated several conditions of his probation and community control sanction. Appellant used alcohol and cocaine. He failed to report to Epeards, cooperate with him or follow his instructions. Appellant failed to notify the Clermont County Adult Probation Department of changes in his residency. The trial court further found that appellant associated with persons of bad character and persons with a criminal background.
The trial court was in the best position to judge the credibility of witnesses and the weight to be given the evidence. See State v. DeHass
(1967), 10 Ohio St.2d 230, paragraph one of the syllabus. There is substantial evidence in the record from which the trial court could conclude that appellant violated conditions of his probation and community control sanction. The trial court's decision was not an abuse of discretion. Accordingly, appellant's second assignment of error is overruled.
Assignment of Error No. 3:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT IN THE SENTENCE THAT IT IMPOSED.
 In his third assignment of error, appellant argues that the sentence imposed by the trial was an abuse of discretion. Appellant maintains that his sentence is an abuse of discretion because it is "clearly excessive."[3]
Before passage of Senate Bills 2 and 269 in 1996, the standard of review for issues of sentence length was abuse of discretion. State v.Yontz (1986), 33 Ohio App.3d 342, 343. Generally, trial courts did not abuse their discretion by imposing a sentence anywhere in the range authorized by statute. State v. Beasley (1984), 14 Ohio St.3d 74, 75. Now, an appellate court may not disturb an imposed sentence unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law or the statute. R.C. 2953.08(G)(1). Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. The applicable record to be examined by a reviewing court includes the following: (1) the presentence investigative report; (2) the trial court record in the case in which the sentence was imposed; and (3) any oral or written statements made to or by the court at the sentencing hearing at which the sentenced was imposed. R.C. 2953.08(F)(1)-(3). The sentence imposed upon the offender should be consistent with the overriding purposes of felony sentencing: "to protect the public from future crime by the offender" and "to punish the offender." R.C. 2929.11(A).
R.C. 2929.15(B) provides in part that if the conditions of a community control sanction are violated, the sentencing court may impose a prison term on the offender pursuant to R.C. 2929.14. However, the prison term generally shall be within the range of prison terms available for the offense for which the sanction that was violated was imposed. R.C.2929.15(B).
In this case, the trial court sentenced appellant to an eleven-month term of imprisonment for each count of theft in violation of R.C.2913.02(A)(1) and an eleven-month term of imprisonment for forgery in violation of R.C. 2913.31(A)(1). All of appellant's offenses were felonies of the fifth degree. The possible prison term for each count of a felony of the fifth degree is six, seven, eight, nine, ten, eleven or twelve months. R.C. 2929.14(A)(5). Thus, the trial court imposed terms of imprisonment within the range of available prison terms for appellant's offenses.
In addition, the trial court ordered appellant to serve his sentences for each count of theft consecutive to each other and to his sentence for receiving stolen property. Pursuant to R.C. 2929.14(E)(4), a trial court may impose consecutive terms of imprisonment if it makes three findings. First, the trial court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. R.C.2929.14(E)(4). Second, the consecutive terms must not be disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Id. Finally, the trial court must also find that one of the additional factors listed in R.C.2929.14(E)(4)(a) through (c) applies:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
 R.C. 29219.14(E)(4) does not require the trial court to recite the exact words of the statute in a talismanic ritual to impose consecutive sentences upon an offender. State v. Finch (1998), 131 Ohio App.3d 571, 575-75; State v. Mirmohamed (1998), 131 Ohio App.3d 579, 584. However, the trial court is required to state sufficient supporting reasons for imposition of such sentences. R.C. 2929.19(B)(2)(c); see State v. Edmonson, 86 Ohio St.3d 324, 326; State v. Simpson
(Apr. 3, 2000), Clermont App. No. CA99-07-078, unreported.
In its sentencing entry, the trial court specifically stated that:
 consecutive sentences are necessary to protect the public from future crime or to punish the [D]efendant and [are] not disproportionate to the seriousness of the offender's conduct and to the danger the Defendant poses to the public, and [that] Defendant committed *** multiple offense[s] while the Defendant was under a community control sanction and the Defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the Defendant.
 In addition, a review of the entire sentencing hearing demonstrates that the trial court carefully considered appellant's conduct and made ample findings supporting the imposition of consecutive sentences. The trial court's decision to impose consecutive sentences is supported by the record and is not contrary to law.
Accordingly, appellant's third assignment of error is overruled.
Judgment affirmed.
VALEN, P.J., and WALSH, J., concur.
[1] The trial court sentenced appellant for the theft and forgery offenses in accordance with the provisions of Am.Sub.S.B. No. 2, known as Senate Bill 2, which became effective July 1, 1996. Appellant's sentence for receiving stolen property was under the prior sentencing scheme. For crimes committed after July 1, 1996, community control is different from probation. "Community control, which is specifically governed by R.C.2929.15 through 2929.18, deals with felony convictions and is considered an alternative to a prison term. Probation, which is governed by different sections of the Revised Code, now generally involves misdemeanors and refers to conditions imposed under a suspended jail sentence." State v. Griffin (1998), 131 Ohio App.3d 696, 698.
[2] For the first time in his reply brief, appellant argues that his counsel was ineffective for failing to object to the state's motion to admit certain exhibits into evidence. Appellant's new argument is raised improperly by way of the reply brief. The reply brief is merely an opportunity to reply to the brief of the appellee, and is not to be used by an appellant to raise new assignments of error or issues for review. See App.R. 16(C); Sheppard v. Mack (1980), 68 Ohio App.2d 95,97; State v. Mackey (Feb. 14, 2000), Warren App. No. CA99-06-065, unreported. Appellant's argument is not appropriately before the court. Nonetheless, we note that the Rules of Evidence do not apply to hearings for granting or revoking probation and proceedings with respect to community control sanctions. Evid.R. 101(C)(3). As such, appellant fails to demonstrate how a mere objection to the exhibits would have led to their exclusion from evidence.
[3] Appellant's argument in support of his assignment of error consists only of the conclusory assertion that the trial court's sentence was "clearly excessive." Appellant fails to argue with any particularity why he believes the trial court's sentence was contrary to law and/or subject to modification or reversal on appeal. Nonetheless, we will assume that appellant challenges the trial court's decision to impose the consecutive terms of imprisonment upon appellant for theft. We will further assume that appellant does not seriously challenge the trial court's reimposition of appellant's sentence for receiving stolen property upon revocation of his parole. See former R.C. 2951.09; Statev. McMullen (1983), 6 Ohio St.3d 244, 246 (upon revocation of probation a court may impose any sentence that it could have originally imposed).