[This decision has been published in *Ohio Official Reports* at 92 Ohio St.3d 556.]

DUGANITZ, APPELLANT, *v.* OHIO ADULT PAROLE AUTHORITY ET AL.,

APPELLEES.

[Cite as *Duganitz v. Ohio Adult Parole Auth.*, 2001-Ohio-1283.]

*Habeas corpus sought to compel relator's release from prison–Court of appeals'*
*adoption of magistrate's decision to deny writ and overrule relator's*
*untimely objection to the denial affirmed.*

(No. 01-468—Submitted July 17, 2001—Decided August 15, 2001.)

APPEAL from the Court of Appeals for Ashtabula County, No. 2000-A-0051.

_____

*Per Curiam.*

{¶ 1} In three separate cases, appellant, Michael J. Duganitz, was convicted of receiving stolen property (1981), aggravated assault and attempted felonious assault (1984), and drug abuse (1993), and was sentenced to prison. After being paroled, Duganitz assaulted Tyrica Holmes in 1998 with a baseball bat and injured her legs and groin. In January 1999, appellee Ohio Adult Parole Authority ("APA") found that by assaulting Hoskins, Duganitz was guilty of violating the conditions of his release and therefore revoked his parole.

{¶ 2} A Cuyahoga County grand jury, however, issued a "no bill," refusing to return an indictment against Duganitz for the assault of Hoskins. In March 1999, after a postrevocation hearing, the Ohio Parole Board denied parole and continued Duganitz's incarceration until December 2001.

{¶ 3} In August 2000, Duganitz filed a petition in the Court of Appeals for Ashtabula County seeking a writ of habeas corpus to compel appellees, APA and Duganitz's prison warden, to immediately release him. Duganitz claimed that the APA had improperly revoked his parole based upon conduct on which the grand jury had refused to indict him. On December 27, 2000, following an evidentiary

hearing, a court magistrate issued a decision recommending that the court of appeals deny the writ. On the same date that the magistrate filed his decision, the court of appeals adopted the decision and denied the writ.

{¶ 4} On January 11, 2001, *i.e.*, fifteen days after the magistrate's decision was filed, Duganitz filed an objection to the decision. The court of appeals subsequently overruled the objection as untimely.

{¶ 5} In his appeal of right, Duganitz claims that the court of appeals erred by prematurely adopting the magistrate's decision before the time for filing objections had expired, failing to apply Civ.R. 6(E) to extend the time for filing objections, and not ruling on the merits of his objection.

{¶ 6} On the contrary, the court of appeals properly denied the writ. It did not err procedurally in adopting the magistrate's decision on the same date that it was filed and before waiting for the filing of timely objections. Loc.App.R. 18(J) of the Eleventh Appellate District (Ashtabula County) provides that original actions in that court may be referred to a magistrate and that "[u]nless otherwise indicated in the order of reference to a magistrate, the magistrate shall have all the powers specified in Civ.R. 53, and the proceedings and decision of the magistrate shall be governed by Civ.R. 53." Under Civ.R. 53(E)(4)(c), a court "may adopt a magistrate's decision and enter judgment without waiting for timely objections by the parties * * * ." Therefore, the court of appeals was empowered by Civ.R. 53(E)(4)(c) to adopt its magistrate's decision before Duganitz filed his objection.

{¶ 7} Moreover, as appellees note, Civ.R. 6(E) does not extend the time for filing objections to a magistrate's decision under Civ.R. 53(E)(4)(a). See *Pulfer v. Pulfer* (1996), 110 Ohio App.3d 90, 92-93, 673 N.E.2d 656, 657. The court of appeals, thus, did not have to rule on the merits of appellant's objection because it was not timely filed. Duganitz's objection was filed on the fifteenth day after the filing of the magistrate's decision. See Civ.R. 53(E)(3)(a), which requires written

objections to a magistrate's decision to be filed within fourteen days of the filing of the decision.

{¶ 8} Furthermore, the court of appeals was also correct on the merits. A grand jury's refusal to indict does not preclude parole revocation based on the same violation. See *State v. Buxton* (Apr. 16, 1999), Montgomery App. No. 17279, unreported, 1999 WL 218140; *State ex rel. Smith v. Ohio Adult Parole Auth.* (June 5, 1990), Franklin App. No. 88AP-565, unreported, 1990 WL 74013. These cases are consistent with our holding that " '[p]arole may be revoked even though criminal charges based on the same facts are dismissed, the defendant is acquitted, or the conviction is overturned, unless all factual support for the revocation is removed.' " *Reyes v. Tate* (2001), 91 Ohio St.3d 84, 742 N.E.2d 132, 133, quoting *Moore v. Leonard* (1999), 85 Ohio St.3d 189, 190, 707 N.E.2d 867, 868. The grand jury's failure to indict Duganitz for the assault of Hoskins did not remove all factual support for his parole revocation based on that conduct.

{¶ 9} Based on the foregoing, the court of appeals neither erred in adopting the magistrate's decision and denying the writ nor in overruling Duganitz's untimely objection. We affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

*Michael J. Duganitz, pro se*.

*Betty D. Montgomery*, Attorney General, and *Diane Mallory*, Assistant Attorney General, for appellees.

_____