OPINION
{¶ 1} Ann Silcox is appealing the judgment of the Kettering Municipal Court, which overruled her motion for relief from judgment.
 {¶ 2} Ms. Silcox was married for several years and resided with her husband in a dwelling that is operated by a housing cooperative, the Greenmont Mutual Housing Corporation (hereinafter "Greenmont"). On April 17, 1999, Ms. Silcox's husband died. Her husband had been the member who had executed a mutual ownership contract with Greenmont. The mutual ownership contract provided for the transfer of his interest in the unit upon his death pursuant to the Ohio statutes governing descent and distribution subject to the approval of Greenmont's Board of Trustees.
 {¶ 3} After her husband's death, Ms. Silcox had some financial difficulties and became delinquent in her payments to Greenmont. Due to Ms. Silcox's delinquency in payments, the Board of Trustees voted to proceed with eviction proceedings against Ms. Silcox on April 12, 2000.
 {¶ 4} On May 12, 2000, Greenmont filed a complaint for forcible entry and detainer against Ms. Silcox in the Kettering Municipal Court. At this point, Ms. Silcox delivered a copy of her husband's death certificate to Greenmont. Ms. Silcox and Greenmont then entered into an agreed judgment entry that was filed on May 25, 2000. The agreed entry provided that Ms. Silcox would pay all past due amounts, including late fees, take all necessary steps to transfer her husband's mutual ownership contract to herself, and pay all monthly payments in a timely manner over the next two years.
 {¶ 5} Ms. Silcox complied with the terms of the agreed entry, including executing a new mutual ownership contract with Greenmont that was backdated to the date of her husband's death. Additionally, Ms. Silcox made all of the delinquent payments and tendered all current payments for a year. However in August of 2001, Ms. Silcox tendered a check for her August payment, and the check was returned for insufficient funds. Ms. Silcox offered to tender payment and pay any fees associated with the returned check, but Greenmont would not accept payment. The Greenmont board of trustees voted to proceed to evict Ms. Silcox, and on September 13, 2001, Greenmont filed a writ of execution with the Kettering Municipal Court.
 {¶ 6} On September 13, 2001, Ms. Silcox filed a motion to stay the execution and requested a hearing. The matter was submitted to the magistrate on the pleadings. On November 13, 2001, the magistrate rendered its decision, which the trial court adopted provided that the judgment would be stayed if objections were filed within fourteen days. Ms. Silcox filed her objections on November 30, 2001 — three days beyond the fourteen day period. Greenmont filed a response to the objections, but the court failed to rule on the objections. On December 4, 2001, Ms. Silcox was evicted.
 {¶ 7} On November 13, 2002, Ms. Silcox filed a motion for relief from judgment pursuant to Civ.R. 60(B) with the Kettering Municipal Court. Ms. Silcox sought relief from the trial court's judgment adopting the magistrate's decision of November 13, 2001. On November 15, 2002, the trial court overruled Ms. Silcox's motion for relief from judgment. Ms. Silcox has filed this appeal from that judgment, raising the following assignments of error:
 {¶ 8} "I. Whether the trial court erred in ruling defendant-appellant failed to demonstrate appropriate grounds for Relief from Judgment pursuant to Civ.R. 60(B).
 {¶ 9} "II. Whether trial court committed reversible error in failing to rule on defendant-appellant's Objection to Magistrate's Decisions filed November 30, 2001, adopting Magistrate's decision, and thus denying due process to defendant-appellant.
 {¶ 10} "III. Whether Magistrate's Decision was against manifest weight of the evidence in finding Greenmont Mutual Housing Corporation complied with terms of Mutual Ownership Contract in evicting appellant from her home."
Appellant's first and second assignments of error:
 {¶ 11} We will address Appellant's first and second assignments of error together as they are interrelated. Ms. Silcox argues that the trial court abused its discretion in overruling her Civ.R. 60(B) motion for relief from judgment when she presented grounds for relief from judgment under the civil rules. We disagree.
 {¶ 12} Civ.R. 60(B) provides a mechanism for parties to obtain relief from a court's judgment or order, stating:
 {¶ 13} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it was based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken."
 {¶ 14} In order to prevail on a motion brought under Civ.R. 60(B), a movant must demonstrate: (1) the existence of a meritorious claim or defense, (2) entitlement to relief under one of the grounds set forth in the rule, and (3) that the motion is made within a reasonable time. GTE Automatic Electric v. Arc Indus. (1976), 47 Ohio St.2d 146,151. If the moving party fails to meet any of the three prongs, the court should deny the Civ.R. 60(B) motion. Id.
 {¶ 15} A court's decision to grant or deny a Civ.R. 60(B) motion is within its sound discretion and will not be reversed on appeal absent an abuse of discretion. Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77. In order to amount to an abuse of discretion, the court's decision must have been unreasonable, arbitrary, or unconscionable. Huffman v. HairSurgeon, Inc. (1985), 19 Ohio St.3d 83, 87. A party may not use a Civ.R. 60(B) motion as a substitute for appeal. Doe v. Trumbull Cty. ChildrenServs. Bd. (1986), Ohio St.3d 128, 129.
 {¶ 16} Ms. Silcox has asserted that she is entitled to relief under Civ.R. 60(B) because (1) the trial court failed to rule on her objections to the magistrate's decision and (2) Greenmont misrepresented the facts of the case. Civ.R. 60(B)(5) provides the only possible basis for Ms. Silcox's first argument. She argues that she should be relieved from the trial court's judgment adopting the decision of the magistrate because the trial court failed to rule on her objections. The magistrate's decision was filed on November 13, 2001, but Ms. Silcox failed to file her objections to the decision until November 30, 2001, which was seventeen days after the filing of the magistrate's decision. The trial court adopted the magistrate's decision but failed to rule on Ms. Silcox's objections. Ms. Silcox argues that Civ.R. 6(E) provides a three day extension for filing objections to the magistrate's decision. However, Ohio Courts have held that Civ.R. 6(E) does not extend the time for filing objections to a magistrate's decision under Civ.R. 53(E)(3)(a). Duganitz v. Ohio Adult Parole Auth., 92 Ohio St.3d 556,557, 2001-Ohio-1283. Therefore, the objections to the magistrate's decision were not timely filed. The Ohio Supreme Court stated inDuganitz that a court need not rule on a party's objections if they are not timely filed. Id. Thus, the trial court's failure to rule on Ms. Silcox's objections was not reversible error nor was it grounds for relief from the trial court's adoption of the magistrate's decision.
 {¶ 17} Additionally, Ms. Silcox argues that the trial court should have granted her motion for relief from judgment pursuant to Civ.R. 60(B)(3) because Greenmont misrepresented the facts. Ms. Silcox argues that Greenmont misrepresented the facts surrounding the parties' agreed judgment entry and the subsequently issued mutual ownership contract. Ms. Silcox asserts that, pursuant to the agreed judgment entry, she and Greenmont entered into a mutual ownership contract. Ms. Silcox argues that the mutual ownership contract had different provisions for evicting residents than the agreed judgment entry. Further, she asserts that the mutual ownership contract governs because it was the last contract formed between the parties. Yet, the mutual ownership contract was backdated by Greenmont to a date prior to the parties' signing of the agreed judgment entry. Ms. Silcox argues that this backdating was misrepresentation by Greenmont and therefore that she is entitled to relief from judgment. However, Ms. Silcox had the opportunity to review this contract prior to signing it. As a result, Ms. Silcox should have been aware the contract was backdated. Therefore, Greenmont did not misrepresent any facts to Ms. Silcox. Assuming as we must that Ms. Silcox knew that the contract had been backdated, she could have informed the trial court of this fact at any time. Accordingly Ms. Silcox has not established misrepresentation by Greenmont and she is therefore not entitled to relief from judgment pursuant to Civ.R. 60(B)(3). The trial court did not abuse its discretion in denying Ms. Silcox's Civ.R 60(B) motion.
 {¶ 18} Appellant's first and second assignments of error are without merit and are overruled.
Appellant's third assignment of error:
 {¶ 19} Ms. Silcox argues that the magistrate's decision concluding that Greenmont complied with the provisions of the mutual ownership contract in evicting her was against the manifest weight of the evidence and should be reversed. Under this assignment of error, Ms. Silcox essentially argues the merits of her case rather than her Civ.R. 60(B) motion. If Ms. Silcox wished to argue errors in the magistrate's decision, she should have filed timely objections to the magistrate's decision with the trial court. Then, if the trial court had overruled her objections, she could have filed a direct appeal. Because Ms. Silcox failed to file either timely objections to the magistrate's decision or a direct appeal from the trial court's adoption of that decision, we cannot address alleged errors in the magistrate's decision.
 {¶ 20} Appellant's third assignment of error is without merit and is overruled.
 {¶ 21} The judgment of the trial court is affirmed.
FAIN, P.J. and BROGAN, J., concur.