[Cite as *Cromartie v. Ohio Dept. of Rehab. & Corr.*, 2024-Ohio-2329.]

**IN THE COURT OF CLAIMS OF OHIO**

| | |
|---|---|
| ALTON CROMARTIE | Case No. 2022-00050JD |
| Plaintiff | Judge Lisa L. Sadler |
| | Magistrate Gary Peterson |
| v. | |
| | <u>JUDGMENT ENTRY</u> |
| OHIO DEPARTMENT OF | |
| REHABILITATION AND CORRECTION | |
| Defendant | |

{¶1} Plaintiff, an incarcerated individual at Pickaway Correctional Institution (PCI), filed a Complaint in this Court alleging that Defendant discriminated against him in violation of Title II of the Americans with Disabilities Act (ADA). Subsequently, Plaintiff filed several subpoenas without witness fees, despite being ordered to submit the fees.[1] On March 21, 2024, a trial was held before Magistrate Gary Peterson. At trial, Plaintiff orally moved for a continuance, which the magistrate denied in accordance with L.C.C.R. 4(B). Then, Plaintiff orally moved to be allowed to dismiss his case which the magistrate denied pursuant to Civ.R. 41(A)(1), which requires that notice of dismissal be filed prior to the commencement of trial. Trial continued as scheduled, however, Plaintiff declined to testify, move exhibits into evidence, or offer any evidence to support his claim. Plaintiff attempted to call witnesses to testify, however no witnesses were available and/or properly subpoenaed. Following the conclusion of Plaintiff's opportunity to present evidence, Defendant moved for dismissal pursuant to Civ.R. 41(B)(2). Because Plaintiff failed to satisfy his burden of proof to establish any elements of his claim, the magistrate recommended that Defendant's motion pursuant to Civ.R. 41(B)(2) be granted, and the action be dismissed.

---

[1] On February 21, 2024, Magistrate Peterson ordered Plaintiff to pay witness fees pursuant to R.C. 2743.06 and L.C.C.R. 3(D); the Court issued an entry on March 14, 2024, denying Plaintiff's motion to set aside the order and upholding the magistrate's order.

{¶2} On April 5, 2024, Plaintiff filed objections to the magistrate's March 21, 2024 decision.  Defendant filed a Memorandum Contra to Plaintiff's Objections arguing, in part, that Plaintiff's objections are untimely because Plaintiff filed them fifteen days after the magistrate's decision.

{¶3} "Whether or not objections are timely filed, a court may adopt or reject a magistrate's decision in whole or in part, with or without modification." Civ.R. 53(D)(4)(b).  Pursuant to Civ.R. 53(D)(3)(b)(i), "[a] party may file written objections to a magistrate's decision within fourteen days of the filing of the decision * * *."  When "computing any period of time * * * allowed by these rules, * * * the day of the act * * * from which the designated period of time begins to run shall not be included.  The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday." Civ.R. 6(A).  When objections are filed on the fifteenth day after the filing of the magistrate's decision, they are considered untimely, and a trial court does not have to rule on the merits of the untimely objections.  *Duganitz v. Ohio Adult Parole Auth.*, 92 Ohio St.3d 556, 557, 751 N.E.2d 1058 (2001).

{¶4} To be timely in accordance with Civ.R. 53(D) and Civ.R. 6(A), Plaintiff's objections should have been filed on or before April 4, 2024.  Because Plaintiff filed his objections on April 5, 2024, the Court finds that the filing is untimely.  Therefore, the Court declines to consider Plaintiff's objections.

{¶5} Because no objections have been properly filed with the Court, the Court now reviews the magistrate's decision pursuant to Civ.R. 53(D)(4)(c).  Civ.R. 53(D)(4)(c) states: "If no timely objections are filed, the court may adopt a magistrate's decision, unless it determines there is an error of law or other defect evident on the face of the magistrate's decision."

{¶6} Upon review, the Court determines that there is no error of law or other defect evident on the face of the magistrate's decision.  Therefore, the Court adopts the magistrate's decision and recommendation as its own, including findings of fact and conclusions of law contained therein.  Judgment is rendered in favor of Defendant.  Court costs are assessed against Plaintiff.  The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

LISA L. SADLER
Judge

**Filed May 22, 2024**
**Sent to S.C. Reporter 6/17/24**