■ SUZANNE NESTEL, Appellant, v. JOHN I. NESTEL, Respondent.— In an arbitration proceeding, petitioner appeals from an order of the Supreme Court, Nassau County, dated September 22, 1971, which denied her application to confirm the arbitrators' award, granted respondent's cross application to vacate the award, and directed that arbitration proceed with new arbitrators *de novo*. Order affirmed, without costs. Petitioner and respondent are the divorced parents of two minor children. A separation agreement between the parties, dated January 4, 1966, provides for the submission of any dispute relating to custody of the parties' two minor children for determination by three arbitrators under the rules of the American Arbitration Association. In December of 1969 petitioner moved in Supreme Court to modify a prior custody order so as to limit respondent's visitation rights with the children. Respondent cross-moved to stay the proceedings and to compel arbitration of the issue pursuant to the provisions of the separation agreement. Respondent's cross motion was granted to the extent that issues relating to the residence and schooling of the children were ordered to be submitted to arbitration. Petitioner did not appeal that determination. Instead, the matter was submitted to a panel of three arbitrators and a hearing was conducted. During the hearing and over the objection of respondent's counsel, testimony of the minor children was heard privately by the panel, *in camera*, in the absence of both parties and counsel. The arbitrators ruled in favor of petitioner on the disputed matters. Thereupon, petitioner instituted the present application. Respondent's cross application was based upon the ground that the panel had acted improperly in accepting testimony *in camera* in the absence of the parties and without permitting cross-examination (CPLR 7506, subd. [c]). We agree with the determination of Special Term. In taking the testimony of the minor children *in camera*, the panel violated the procedures prescribed by article 75 of the CPLR as well as the rules of the American Arbitration Association itself. Although, as the Court of Appeals has expressly recognized in *Matter of Lincoln* v. *Lincoln* (24 N Y 2d 270), it is entirely proper for the court, in its role as *parens patriae* concerned with the welfare of children, to conduct a confidential interview of children without the parties' consent, a panel of arbitrators is not cloaked with the prerogative of the court as *parens patriae*. In our judgment, this case is illustrative of the inappropriateness in general of agreements to arbitrate custody of minor children.

As we have previously observed in *Agur* v. *Agur* (32 A D 2d 16), the process of arbitration, useful when the mundane matter of the amount of support is in issue, is less so when the delicate balancing of the factors composing the best interests of a child is the issue. The judicial process is more broadly gauged and better suited in protecting these interests. Nor do we view the policy of some courts of enforcing agreements to arbitrate less weighty aspects of custody, such as visitation, choice of schools, summer camps and the like, as a permissible practice (see *Sheets* v. *Sheets*, 22 A D 2d 176). Such a procedure, subject to the check of *de novo* review by the courts if it appears that the award might be adverse to the best interests of the child, is certain to be wasteful of time and expense and result in a duplication of effort. In short, a two-stage procedure, as proposed in *Sheets*, is bound to frustrate the very purpose of submitting disputes to arbitration in the first place, i.e., an expeditious determination. An examination of the proceedings at bar, spanning a period of more than two years, is illustrative of the very delay that can result from such expediency. Latham, Acting P. J., Shapiro and Gulotta, JJ., concur; Christ, J., concurs in result.