OPINION
{¶ 1} Plaintiff-appellant, DAK, PLL, a Partnership, appeals from a judgment of the Franklin County Municipal Court, Small Claims Division, that (1) found in favor of defendant-appellee, Linda Borgerding, on plaintiff's complaint, and (2) awarded defendant $1,387.50 on defendant's counterclaim. Because the record does not disclose any reversible error in the trial court, we affirm.
 {¶ 2} On February 19, 2002, plaintiff filed a complaint against defendant in the small claims division of the Franklin County Municipal Court, seeking $872.67 for repair and cleaning charges for the apartment defendant occupied from July 1994 to November 2001. On April 26, 2002, defendant filed a counterclaim seeking (1) damages that occurred when, on November 6, 2001, plaintiff, without defendant's knowledge or consent, turned off the electricity to defendant's apartment, and (2) return of her security deposit, with statutory damages and attorney fees.
 {¶ 3} A hearing was held before a magistrate of the trial court. The magistrate's decision, finding against plaintiff on its complaint and in favor of defendant on her counterclaim, is dated August 16, 2002 and bears a filing time stamp of August 21, 2002. By entry filed August 26, 2002, the trial court adopted the magistrate's decision and entered judgment accordingly.
 {¶ 4} On September 12, 2002, plaintiff filed a written objection to the magistrate's decision; defendant responded on September 23, 2002. By judgment entry filed September 26, 2002, the trial court overruled the objection and reaffirmed the original judgment entry granting judgment to defendant on plaintiff's complaint and awarding defendant $1,387.50 on her counterclaim. Plaintiff appeals, assigning the following errors:
 {¶ 5} "I. The Franklin County Municipal Court erred when it found plaintiff-appellant's objection to the magistrate's decision was not timely filed pursuant to Civil Rule 53(E) and Civil Rule 6(E).
 {¶ 6} "II. The Franklin County Municipal Court erred when it held that the defendant-appellee, Linda Borgerding, was not in violation of R.C. § 5321.05(A)(6).
 {¶ 7} "III. The Franklin County Municipal Court erred when it failed to consider evidence as it related to R.C. § 5321.16 and awarded damages and attorney fees to the defendant-appellee.
 {¶ 8} "IV. The Franklin County Municipal Court erred when it failed to recognize the settlement of the dispute under R.C. §5321.15 and awarded civil damages to the defendant-appellee."
 {¶ 9} Before addressing plaintiff's assignments of error, we note plaintiff filed objections to the magistrate's decision, but plaintiff did not provide the trial court with a transcript of the trial, as specified in Civ.R. 53(E)(3)(b) ("[a]ny objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available"). While the rule alternatively allows a party to support objections with an affidavit of the relevant evidence if a transcript is unavailable, the affidavit plaintiff supplied does not meet the requirements of the rule, even if we assume a transcript was unavailable. Plaintiff's affidavit presented only that evidence on which it relied, but the rule requires "the affidavit describe[s] all the relevant evidence presented at the hearing and not just the evidence that the party feels is significant." Galewood v. Terry Lumber Supply Co. (Mar. 6, 2002), Summit App. No. 20770. Because plaintiff failed to submit the required support for his objections, "the trial court was required to accept the magistrate's findings of fact and examine only the legal conclusions based on those facts." Id. We "likewise [are] limited to that standard of review." Id.
 {¶ 10} Plaintiff's first assignment of error asserts the trial court erred when it found plaintiff's objection to the magistrate's decision was not timely filed under Civ.R. 53. Pursuant to Civ.R. 53(E)(3)(a), "[w]ithin fourteen days of the filing of a magistrate's decision, a party may file written objections to the magistrate's decision." Here, the magistrate's decision was filed August 21, 2002; plaintiff's written objection was filed September 12, 2002. Noting its failure to comply with the plain language of Civ.R. 53, plaintiff contends the five-day lapse between August 21 and August 26 should not be charged against the 14 days plaintiff was afforded under Civ.R. 53(E)(3)(a). Even if we find plaintiff's argument persuasive, plaintiff's written objection was not filed until 17 days after August 26 or September 12, 2002. In response, plaintiff urges that Civ.R. 6(E) is appropriately applied in the present circumstances and renders plaintiff's written objection timely.
 {¶ 11} In Pulfer v. Pulfer (1996), 110 Ohio App.3d 90, appeal not allowed, 77 Ohio St.3d 1412, the court considered the precise argument plaintiff posits here and rejected it, concluding "we do not find that the three-day mail rule extends the time within which a party may file objections to a referee's report. * * * Because Civ.R. 53(E)(2) [now Civ.R. 53(E)(3)(a)] provides for the 14 days to begin to run on the day the report is filed, we find that Civ.R. 6(E) is not applicable." Id. at 92, citing Hucke v. Hucke (Aug. 31, 1990), Montgomery App. No. 11882 ("[s]ince the time limit begins to run on the date the report is filed and not the date a party receives notice of the report or is served a copy of it, Civ.R. 6[E] is not applicable").
 {¶ 12} In the final analysis, we need not resolve whether the 14 days should begin to run on August 21 or August 26; nor do we need to determine whether Civ.R. 6(E) applies. Even though the trial court found the objection untimely, it considered the merits of the objection, overruled the objection, and entered judgment in accordance with the magistrate's decision. Accordingly, plaintiff suffered no prejudice as a result of the trial court's determining that the objection was untimely. Plaintiff's first assignment of error is overruled.
 {¶ 13} Plaintiff's second assignment of error contends the trial court erred when it held defendant did not violate R.C. 5321.05(A)(6), which states that:
 {¶ 14} "A tenant who is a party to a rental agreement shall do all of the following:
 {¶ 15} "* * *
 {¶ 16} "(6) Personally refrain and forbid any other person who is on the premises with his permission from intentionally or negligently destroying, defacing, damaging, or removing any fixture, appliance, or other part of the premises[.]"
 {¶ 17} Plaintiff seeks to hold defendant responsible for the damage her abusive acquaintance caused to the door of defendant's apartment. Because the record does not contain a transcript of the evidence presented in the trial court, we must look to the magistrate's decision to ascertain the facts. The magistrate addressed plaintiff's contention and concluded plaintiff "presented no evidence that the defendant violated this duty to the plaintiff. The evidence is clear that the defendant did not participate in the damage herself and there is no evidence that she did not forbid Mr. Hart from doing the damage. The defendant certainly did not encourage or condone Mr. Hart's act of violence committed toward or around the defendant." (Magistrate's Decision, 5.) As the magistrate explained, defendant had been the physical victim of Hart's abuse; plaintiff's contention would also make her a financial victim by holding her responsible for Hart's violence.
 {¶ 18} In Ohio Cas. Ins. Co. v. Wills (1985), 29 Ohio App.3d 219, the court noted R.C. 5321.05(A)(6) does not require the tenant to prevent damage to the leased premises, but rather personally to refrain from such activity and to forbid others from engaging in it. The magistrate found the evidence does not indicate defendant failed to forbid Hart from conducting himself in a manner detrimental to the premises. Likewise, nothing in the magistrate's recitation of the evidence suggests defendant personally engaged in destructive actions with respect to the leased premises. Plaintiff's second assignment of error is overruled.
 {¶ 19} Plaintiff's third assignment of error asserts the magistrate erred in awarding defendant a return of her security deposit, as well as statutory damages and attorney fees. In so arguing, plaintiff relies heavily on its version of the facts presented at the hearing before the magistrate.
 {¶ 20} As noted, however, the record contains no transcript of the hearing before the magistrate, leaving the magistrate's decision as the only record of the evidence before the trial court. Because the facts in the magistrate's decision support the magistrate's conclusion that plaintiff wrongfully withheld virtually all of defendant's security deposit, plaintiff's contentions to the contrary are unavailing. Plaintiff's third assignment of error is overruled.
 {¶ 21} Plaintiff's fourth assignment of error contends the trial court erred when it failed to recognize that plaintiff and defendant had settled the dispute that arose when plaintiff terminated electrical service to the leased premises while defendant was yet a tenant. In support, plaintiff points to a letter, Exhibit E in the trial court, and referenced in the magistrate's decision. Plaintiff urges the letter shows defendant released plaintiff from liability when the parties negotiated the settlement.
 {¶ 22} While we have a copy of plaintiff's Exhibit E in the record, we do not have a transcript of the proceedings to indicate the testimony relative to that letter. Instead, we have the magistrate's decision which states that plaintiff's Exhibit E "is the letter from defendant's counsel confirming that the parties had agreed that the defendant would pay a sum of money and move out of the apartment by November 12, 2001, and, in exchange, the plaintiff would turn the electricity back on. There is nothing in Plaintiff's Exhibit E releasing either party from liability on claims by the other." (Magistrate's Decision, 7.) Indeed, Exhibit E contains no release; if it contained mutual releases, we question whether plaintiff could have initiated the present action against defendant. Plaintiff's fourth assignment of error is overruled.
 {¶ 23} Having overruled all four of plaintiff's assignments of error, we affirm the judgment of the trial court.
Judgment affirmed.
PETREE, P.J., and BROWN, J., concur.