DECISION AND JUDGMENT ENTRY
{¶ 1} Jonathan Clemons appeals from the trial court's judgment that adopted the magistrate's decision granting the parties a divorce and ordering him to pay child support.[1] Appellant argues that the magistrate relied on incorrect financial information when calculating child support. Because appellant did not timely object to the magistrate's decision, appellant has waived the issue for purposes of appeal. Therefore, we affirm the trial court's judgment.
 {¶ 2} In December of 2002, the magistrate held a final divorce hearing. Appellant did not appear. On December 23, 2002, the magistrate issued a decision ordering appellant to pay $623.61 as monthly child support, and on January 8, 2003, the trial court adopted the magistrate's decision. On January 10, 2003, appellant filed objections to the magistrate's decision, and he subsequently filed a timely notice of appeal.
 {¶ 3} Civ.R. 53(E)(3)(a) requires objections to a magistrate's decision to be filed within fourteen days of that decision. By failing to timely file objections, a party waives the right to challenge the magistrate's decision. State ex rel. Booher v. Honda of Am. Mfg., Inc.
(2000), 88 Ohio St.3d 52, 53, 723 N.E.2d 571. As Civ.R. 53(E)(3)(b) explicitly provides: "A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule."
 {¶ 4} Here, the magistrate filed her decision on December 23, 2002. Appellant did not file his objections until January 10, 2003, which is beyond the fourteen day period specified in Civ.R. 53.
 {¶ 5} Appellant's argument that the Civ.R. 6 three-day mailing rule extends the time for filing objections to the magistrate's decision is unavailing. As we recognized in Willman v. Cole, Adams App. No. 01CA725, 2002-Ohio-3596: "[T]he three day mail rule of Civ.R. 6(E) does not extend the time for filing objections to a magistrate's decision." Id. (citingDuganitz v. Ohio Adult Parole Auth. (2001), 92 Ohio St.3d 556, 557,751 N.E.2d 1058; Pulfer v. Pulfer (1996), 110 Ohio App.3d 90, 92,673 N.E.2d 656; Abate v. Abate (Mar. 29, 2000), Summit App. No. 19560;McDonald Co. Securities, Inc. v. Field (Aug. 8, 1998), Montgomery App. No. 16916).
 {¶ 6} Thus, because appellant did not timely object to the magistrate's decision, appellant has waived the right to argue on appeal that the trial court erred by ordering him to pay child support in the amount of $623.61. Moreover, even if we were to consider the merits of appellant's argument, he still would not prevail. Appellant failed to appear at the final hearing before the magistrate in spite of the fact that he received notice of the proceeding. Thus, the only evidence before the magistrate was that presented by the appellee. Both the magistrate and the trial judge were justified in making a decision based upon the only evidence presented at the final hearing. By failing to attend that hearing, appellant practically guaranteed the result about which he now complains. To the extent that he contends a fraud was perpetrated on the court, his appropriate remedy is Civ.R. 60(B) relief from judgment rather than an appeal. Consequently, we affirm the trial court's judgment.
JUDGMENT AFFIRMED.
Evans, P.J. Abele, J.: Concur in Judgment and Opinion.
[1] Appellant's pro se brief does not contain an assignment of error. However, it appears that appellant is challenging the trial court's child support calculation.