OPINION
{¶ 1} Appellant Thomas Joseph Bennett appeals from his divorce in the Holmes County Court of Common Pleas.
 {¶ 2} Appellee is Phyllis Ann Bennett, appellant's former spouse.
 STATEMENT OF THE FACTS AND CASE {¶ 3} The relevant facts leading to this appeal are as follows:
 {¶ 4} Appellant and appellee were married on March 5, 1966. Six children were born as issue of the marriage, all of whom are now adults.
 {¶ 5} Appellant is currently incarcerated for sex offenses against the Bennett's youngest son.
 {¶ 6} Appellee filed a complaint for divorce on October 27, 2003.
 {¶ 7} On November 6, 2003, Appellant filed a motion to extend his time to file an Answer. The Court granted him until December 26, 2003, to answer.
 {¶ 8} On December 29, 2003, Appellant again filed a motion to extend his time to file an Answer claiming that he need responses to his discovery before he could answer.
 {¶ 9} By Entry dated January 6, 2004, the Court rejected such reasoning but extended his time to file an answer to January 19, 2004, which Appellant did, mailing same on January 12, 2004.
 {¶ 10} On February 6, 2004, with leave of court, Appellee served her replies to Appellant's discovery requests.
 {¶ 11} The Magistrate's Order granting such leave was issued on February 10, 2004. The deadline for filing objections was February 20, 2004.
 {¶ 12} On February 23, 2004, Appellant filed an objection to the Magistrate's Order.
 {¶ 13} On February 25, 2004, the matter proceeded to trial before a magistrate. The trial court initially denied appellant's objections as being untimely filed and proceeded with the final hearing. Appellee testified at said hearing. Appellant did not appear in person or through counsel.
 {¶ 14} On February 27, 2004, the magistrate issued a Decree of Divorce, which was adopted by the Common Pleas Judge.
 {¶ 15} On March 10, 2004, Appellant filed a Motion for Relief from Judgment.
 {¶ 16} On March 24, 2004, appellant filed his notice of appeal, herein raising the following Assignments of Error:
 ASSIGNMENTS OF ERROR {¶ 17} "I. Whether the trial court erred and/or abused its discretion to the prejudice of the appellant."
 {¶ 18} "The trial court violated due process of law denying appellant's objection, appeal and request for stay * * *, which was filed on February 23, 2004.
 {¶ 19} "The trial court abused its discretion when it relied upon false fact [sic] when calculating the amount of positive equity in the marital home.
 {¶ 20} "The trial court abused its discretion by failing to reduce its findings of fact concerning equitable division of marital property."
 I. {¶ 21} In his First Assignment of Error, appellant contends the trial court erred and/or abused its discretion to the prejudice of Appellant. We disagree.
 {¶ 22} Appellant separates his assignment into three arguments, which we will address separately.
 {¶ 23} First, Appellant argues that the trial court's denial of his February 23, 2004, Objection, Appeal and Request for Stay as untimely violated his due process rights.
 {¶ 24} Specifically, Appellant argues that the three-day contained in Civ.R. 6(A) should have extended his time to file his objections to the Magistrate's Decision.
 {¶ 25} Upon review, we find said argument to be not well-taken. The Ohio Supreme Court has held that Civ.R. 6(E), known as the three-day mail rule, does not extend the time for filing objections to a magistrate's decision. Duganitz v. Ohio Adult Parole Auth. (2001), 92 Ohio St.3d 556,557, 751 N.E.2d 1058, citing Pulfer v. Pulfer (1996), 110 Ohio App.3d 90,92-93, 673 N.E.2d 656. The Supreme Court stated that Civ.R. 53 requires written objections to a magistrate's decision to be filed within 14 days of the filing of the magistrate's decision, not within 14 days of the serving of the decision. Id. We therefore find the objections in this case were untimely filed.
 {¶ 26} Secondly, Appellant further argues that the trial court erred in calculating the equity in the marital home.
 {¶ 27} Appellant argues that the court awarded him the marital residence under the mistaken impression that such was an asset. Appellant claims that such residence is in fact a debt due to the fact that the home is now in foreclosure.
 {¶ 28} At trial, Appellee testified that there was equity in the home based on ten years of mortgage payments having been made. No objection was made at trial or to the Magistrate's finding. A party is not permitted to assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party timely objected to that finding. Civ.R. 53(E)(3)(d); State ex rel Booher v. Honda of Am. Mfg.,Inc. (2000), 88 Ohio St.3d 52, 53, 723 N.E.2d 571.
 {¶ 29} Furthermore, the fact that the home is now in foreclosure does not change the amount of equity in the home.
 {¶ 30} Lastly, Appellant maintains the trial court erred by failing to file findings of fact as to the equitable division of marital property.
 {¶ 31} We generally review the overall appropriateness of the trial court's property division in divorce proceedings under an abuse of discretion standard. Cherry v. Cherry (1981), 66 Ohio St.2d 348,421 N.E.2d 1293. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140. R.C. 3105.171
explains a trial court's obligation when dividing marital property in divorce proceedings as follows: (C)(1) Except as provided in this division or division (E)(1) of this section, the division of marital property shall be equal. If an equal division of marital property would be inequitable, the court shall not divide the marital property equally but instead shall divide it between the spouses in the manner the court determines equitable. In making a division of marital property, the court shall consider all relevant factors, including those set forth in division (F) of this section. See also Cherry, supra., at 355. On appellate review, the trial court's property division should be viewed as a whole in determining whether it has achieved an equitable and fair division of marital assets. Briganti v. Briganti (1984), 9 Ohio St.3d 220,222, 459 N.E.2d 896.
 {¶ 32} R.C. 3105.171(F) reads as follows:
 {¶ 33} In making a division of marital property and in determining whether to make and the amount of any distributive award under this section, the court shall consider all of the following factors:
 {¶ 34} "(1) The duration of the marriage;
 {¶ 35} "(2) The assets and liabilities of the spouses;
 {¶ 36} "(3) The desirability of awarding the family home, or the right to reside in the family home for reasonable periods of time, to the spouse with custody of the children of the marriage;
 {¶ 37} "(4) The liquidity of the property to be distributed;
 {¶ 38} "(5) The economic desirability of retaining intact an asset or an interest in an asset;
 {¶ 39} "(6) The tax consequences of the property division upon the respective awards to be made to each spouse;
 {¶ 40} "(7) The costs of sale, if it is necessary that an asset be sold to effectuate an equitable distribution of property;
 {¶ 41} "(8) Any division or disbursement of property made in a separation agreement that was voluntarily entered into by the spouses;
 {¶ 42} "(9) Any other factor that the court expressly finds to be relevant and equitable."
 {¶ 43} In reviewing the aforesaid, we note equity is the guidepost in dividing the marital assets of the parties in a divorce action. Nevillev. Neville, Holmes App. No. 01CA028, 2002-Ohio-2901, citing Zimmie v.Zimmie (1984), 11 Ohio St.3d 94, 464 N.E.2d 142. The trial court, in adopting the magistrate's decision, awarded all of the equity in the marital home to Appellant along with what appears to be the majority of the personal property. Upon review, we certainly find it within the parameters of the court's discretion and made within the guidelines of R.C. 3105.171(F). See Koegel v. Koegel (1982), 69 Ohio St.2d 355
(emphasizing that a trial judge should be given wide latitude in dividing property between the parties).
 {¶ 44} It is well-established that where the decision in a case turns upon credibility of testimony, and where there exists competent and credible evidence supporting the findings and conclusions of the trial court, deference to such findings and conclusions must be given by the reviewing court. Hawk v. Hawk, Tuscarawas App. No. 2002AP040024, 2002-Ohio-4384, citing Myers v. Garson, 66 Ohio St.3d 610, 614,614 N.E.2d 742, 1993-Ohio-9.
 {¶ 45} Accordingly, we hold the trial court did not abuse its discretion in allocating marital assets and debts. Appellant's Assignment of Error is overruled.
 {¶ 46} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Holmes County, Ohio, is hereby affirmed.
Boggins, P.J. Gwin, J. and Hoffman, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Holmes County, Ohio, is affirmed.
Costs to appellant.