[Cite as *State ex rel. L.D. v. T.M.*, 2016-Ohio-976.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio, ex rel. L.D. v. T.M.

State of Ohio, ex rel. S.S. v. T.M.

State of Ohio, ex rel. B.S. v. T.M.

State of Ohio, ex rel. J.C. v. T.M.

Court of Appeals Nos. E-15-013

E-15-014

E-15-015

E-15-016

Trial Court Nos. 2002-PA-005

1996-SU-42

2006-SU-053

2006-SU-067

**DECISION AND JUDGMENT**

Decided: March 11, 2016

* * * * *

Kevin J. Baxter, Erie County Prosecuting Attorney, Mary Ann Barylski, and Susan Ryan Brown, Assistant Prosecuting Attorneys, for appellee.

Geoffrey Oglesby and Lara Wood, for appellant.

* * * *

**JENSEN, P.J.**

{¶ 1} In this consolidated appeal, T.M. ("appellant") appeals the January 20, 2015 judgment entries of the Juvenile Division of the Erie County Court of Common Pleas

which adopted decisions of a magistrate, sans objection, holding T.M. in contempt of court for failure to pay child support in four related cases: (1) *State of Ohio, ex rel., S.S. v. T.M.*, Erie C.P. No. 1996-SU-42 (hereinafter the "S.S. matter"); (2) *State of Ohio, ex rel., L.D. v. T.M.*, Erie C.P. No. 2002-PA-005 (hereinafter the "L.D. matter"); (3) *State of Ohio, ex rel., B.S. v. T.M.*, Erie C.P. No. 2006-SU-053 (hereinafter the "B.S." matter); and (4) *State of Ohio, ex rel J.C v. T.M.*, Erie C.P. No. 2006-SU-067 (hereinafter the J.C. matter"). For the reasons set forth below, we affirm the decision of the trial court.

{¶ 2} On April 30, 2014, the state, on behalf of the Erie County Child Support Agency (CSEA) filed motions to show cause relating to appellant's failure to pay court-ordered child support in the four cases mentioned above. Trial was held before the magistrate on September 18, 2014. At the time of the trial, appellant's child support arrearages were $14,828.56 in the S.S. matter; $30,606.05 in the L.D. matter; $16,641.18 in the B.S. matter; and $52,948.59 in the J.C. matter.

{¶ 3} On December 23, 2014, in four separate decisions, the magistrate found appellant in contempt. Appellant filed no objections. On January 20, 2015, the trial court adopted the magistrate's decisions and issued four nearly identical judgment entries. Each entry sentenced appellant to 60 days in the Erie County Jail with a report date of April 23, 2015. The judgment entries allowed appellant the opportunity to purge himself of contempt and indicated that the jail sentence and court costs would be suspended upon his meeting various conditions.

2.

{¶ 4} Appellant appealed and sets forth two assignments of error for our review:

ASSIGNMENT OF ERROR 1

THE TRIAL COURT ERRED BY PROCEEDING WITH TRIAL WHEN APPELLANT WAS NOT AFFORDED THE OPPORTUNITY TO AFFIRMATIVELY WAIVE ASSISTANCE OF COUNSEL PURSUANT TO HIS CONSTITUTIONAL SIXTH AND FOURTEENTH AMENDMENT RIGHTS.

ASSIGNMENT OF ERROR 2

THE MAGISTRATE ERRED BY CONCLUDING APPELLANT WAS NOT TEMPORARILY TOTALLY DISABLED.

We find no merit in either assignment.

{¶ 5} In support of his first assignment of error, appellant contends that there was no record available for the pre-trial held on June 27, 2015, thus "[i]t cannot be ascertained whether the Magistrate informed Appellant * * * of his right to counsel, and the potential penalties associated with the action against him." Appellant admits, however, that at the beginning of the September 18, 2015 trial, "the Magistrate did remind Appellant of his right to an attorney, for which [he] responded that he did not think the charges were 'severe enough' to require him to retain counsel."

{¶ 6} In response, appellee asserts that a transcript of proceedings is necessary for resolution of this assignment of error and because no transcript was requested, "the

3.

reviewing court has nothing to pass upon * * * [and] has no choice but to presume the validity of the lower court's proceedings and affirm." We agree.

{¶ 7} In *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 400 N.E.2d 384(1980), the Ohio Supreme Court explained that appellants have the burden of supplying a transcript of the trial proceedings. *Id.* at 199. If a transcript is not available, App.R. 9(C)(1) "permits an appellant to submit a narrative transcript of the proceedings when a verbatim transcript is unavailable, subject to objections from the appellee and approval from the trial court." *Id.* at 199-200. App.R. 9(C)(2) indicates that "in cases initially heard in the trial court by a magistrate, a party may use a statement under this division in lieu of a transcript if the error assigned on appeal relates solely to a legal conclusion." App.R. 9(D) authorizes parties to submit an agreed statement of the case in lieu of the record. "[A]s to those assignments of error dependent for their resolution upon a trial transcript, the judgment of the lower court would ordinarily be affirmed." *Knapp* at 200.

{¶ 8} Here, resolution of appellant's first assignment of error is dependent upon a review of the trial transcript. However, appellant neither supplied a transcript of the proceedings nor a permissible substitute under App.R. 9(C) or (D). Thus, our trenchant conclusion, appellant's first assignment of error is not well-taken.

{¶ 9} In regard to his second assignment of error, the trial in this case was conducted before a magistrate. The magistrate filed his decisions on December 23, 2014,

4.

and the trial court adopted those decisions on January 20, 2015. Appellant did not object within 14 days after the filing of the magistrate's decisions, as permitted by Civ.R. 53(D)(3)(b)(i). Because appellant did not object to the magistrate's decision, appellant waived all but plain error. *See In re Kister*, 194 Ohio App.3d 270, 289, 2011-Ohio-2678, 955 N.E.2d 1029 (4th Dist), ¶ 19; *Clemons v. Clemons*, 4th Dist. Athens No. 03CA5, 2003-Ohio-6210, ¶ 6. Ohio courts are limited when applying plain error analysis, to cases "involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process." *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 122-123, 679 N.E.2d 1099 (1997). We find no plain error here. Consequently, appellant's second assignment of error is not well-taken.

{¶ 10} On consideration, the judgment of the Erie County Court of Common Pleas, Juvenile Division, is affirmed. Costs of this appeal are assessed to appellant pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                 _____
                                              JUDGE
Thomas J. Osowik, J.           

                                         _____
James D. Jensen, P.J.                                         JUDGE
CONCUR.

                                         _____
                                              JUDGE

5.

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.