DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Maureen Berthelot, appeals from the judgment of the Summit County Court of Common Pleas, Domestic Relations Division, which granted her judgment in the amount of $25,896.47. This Court affirms in part and reverses in part.
 I. {¶ 2} The instant matter appears before this Court for the fourth time. See Berthelot v. Berthelot (Apr. 15, 1998), 9th Dist. No. 18331 ("Berthelot I "); Berthelot v. Berthelot, 154 Ohio App.3d 101,2003-Ohio-4519 ("Berthelot II"); Berthelot v. Berthelot, 9th Dist. No. 22819, 2006-Ohio-1317 ("Berthelot III"). *Page 2 
Like the most recent two appeals of this matter, the instant appeal involves Appellant's June 2, 1998 motion to modify child support. Following Berthelot II, the trial court increased Appellee's child support to $4,218.08 per month per child, denied motions to modify spousal support, and ordered Appellee to pay attorney fees in the amount of $68,989. Due to an existing overpayment of child support in the amount of $30,168.58, Appellee's resultant obligation was said to be $38,820.42. In Berthelot III, this Court determined that the trial court had used the improper statutory scheme to calculate support and had provided improper deductions when calculating a deviation from the child support guidelines. The matter was again returned to the trial court.
 {¶ 3} As a result of the numerous appeals of this matter, the parties' five children were all emancipated at the time the magistrate issued her ruling. Accordingly, the only matter to determine was the amount of support that Appellee should have paid and then to offset the surplus of his payments against the attorney fees that were previously awarded to Appellant. Following an evidentiary hearing, the magistrate concluded that Appellee had overpaid support by $43,092.53. As noted above, this calculation was roughly $13,000 higher than the trial court's prior calculation of overpayment. As a result of the award of attorney fees, the magistrate recommended that Appellant receive judgment in the amount of $25,896.47. *Page 3 
 {¶ 4} Appellant timely objected to the magistrate's decision. The trial court, however, overruled her objections, finding that Appellant had failed to provide a transcript of the hearing before the magistrate. Thereafter, the trial court entered judgment in Appellant's favor in the amount of $25,896.47. Appellant timely appealed the trial court's judgment, raising five assignments of error for review. For ease of analysis, we have rearranged several of the assignments of error.
 II. ASSIGNMENT OF ERROR I "THE TRIAL COURT EXCEEDED ITS SUBJECT-MATTER JURISDICTION BY INCLUDING A CHILD ON A CHILD SUPPORT WORKSHEET WHO HAD ATTAINED EIGHTEEN YEARS OF AGE AND WHO HAD GRADUATED FROM HIGH SCHOOL."
 {¶ 5} In her first assignment of error, Appellant argues that the trial court used the improper number of unemancipated children on its child support worksheet. We find no prejudicial error.
 {¶ 6} Initially, this Court addresses Appellee's contention that the trial court properly denied Appellant's objection that related to this argument due to Appellant's failure to provide a transcript of the hearing before the magistrate. Pursuant to Civ.R. 53(D)(3)(b)(iii), an objecting party is required to provide either a transcript or affidavit to support his or her objections to a magistrate's findings of fact.Crislip v. Crislip, 9th Dist. No. 03CA0112-M, 2004-Ohio-3254, at ¶ 5 *Page 4 
(citing the prior version of Civ.R. 53). If the party fails to do so, a trial court's review is limited to the legal conclusions in light of the facts found by the magistrate, unless the trial court holds further hearings. Id., citing Weitzel v. Way, 9th Dist. No. 21539,2003-Ohio-6822, at ¶ 18. "[I]n the absence of a transcript of proceedings, affidavit, or additional evidentiary hearing, a trial court abuses its discretion when it fails to adopt a finding of fact made by a magistrate." Crislip at ¶ 6.
 {¶ 7} On appeal, Appellant argues that no transcript was necessary because she did not challenge any factual finding by the magistrate. In her findings of fact, the magistrate found that the child at issue was born March 28, 1980. The magistrate also found that the child had graduated from high school prior to Appellant filing her motion to modify support. In her objection, Appellant challenged the magistrate's legal conclusion that the parties' third child was unemancipated. As such, she challenged the application of the law to these facts. Therefore, no transcript was necessary. See Civ.R. 53(D)(4)(c) (permitting the trial court to refuse to adopt the magistrate's decision if it contains an error of law). Accordingly, this Court reviews whether the trial court properly concluded that the magistrate's decision contained no error of law.
 {¶ 8} R.C. 3103.03(B) provides in pertinent part that "the parental duty of support to children shall continue beyond the age of majority as long as the child continuously attends on a full-time basis any recognized and accredited high *Page 5 
school." It is well-settled that a court generally lacks subject matter jurisdiction to modify parental rights and responsibilities after a child has been emancipated. See, e.g., Miller v. Miller (1951), 154 Ohio St. 530, paragraph two of the syllabus; Rohrbacher v.Rohrbacher (1992), 83 Ohio App.3d 569, 575; Maphet v. Heiselman (1984),13 Ohio App.3d 278, 279. Accordingly, "[a]s a general rule, the court is without jurisdiction to order parents to support children who have attained the age of majority and are not attending an accredited high school on a full-time basis. See R.C. 3103.03." Id.
 {¶ 9} In its decision, the magistrate found that the child at issue had attained the age of majority and had graduated from high school. We note as well that this Court previously recognized that only two children were unemancipated when Appellant filed her motion to modify: "Appellant filed a motion to modify child support on June 2, 1998. At that time, two children remained unemancipated." Berthelot II at ¶ 7. Accordingly, the trial court erred in using three unemancipated children on the worksheet.
 {¶ 10} However, this Court will not reverse the trial court absent a showing of prejudice resulting from an alleged error. In her brief, Appellant has identified no prejudice from the trial court's error. When questioned during oral argument, Appellant's counsel could identify no prejudice stemming from this error. In fact, logic would dictate that including a third child in the child support worksheet actually served to benefit Appellant by increasing Appellee's support obligation. *Page 6 
Accordingly, Appellant has failed to establish that the trial court's error was prejudicial. Appellant's first assignment of error, therefore, is overruled.
 ASSIGNMENT OF ERROR III "THE TRIAL COURT VIOLATED THE LAW-OF-THE-CASE DOCTRINE WHEN IT FAILED TO FOLLOW THIS COURT'S MANDATE TO PRO-RATE THE AMOUNT OF THE CHILD SUPPORT DEVIATION DURING THE PERIOD WHEN THERE WAS ONLY ONE UNEMANCIPATED CHILD."
 {¶ 11} In her third assignment of error, Appellant asserts that the trial court erred in its calculation of the deviation from the child support guidelines. This Court agrees.
 {¶ 12} It is well established that "[a] trial court must follow the mandate of the appellate court." Lorain v. Pendergrass, 9th Dist. No. 04CA008437, 2004-Ohio-5688, at ¶ 9, quoting Pingue v. Hyslop, 10th Dist. NO. 01AP-1000, 2002-Ohio-2879, ¶ 35. In Berthelot III, this Court held as follows:
 "In this case, child support, as modified, was awarded for approximately three years. In the child support worksheet, the magistrate clearly connected the $28,000 adjustment to the annual cost of high school tuition by writing on the worksheet: `Father pays $14,000 per year per child for 2 children to attend private school.' The record supports the conclusion that $28,000 in tuition would have been owed for approximately two of the relevant years, but only $14,000 for the third year due to the graduation of the second youngest child. Because the adjustment is clearly tied to the actual cost of tuition, the objection has merit.
 "Provided that the trial court otherwise justifies a tuition deviation from the guideline amount of child support, the trial court must prorate any such adjustment over the three-year period and recalculate Michael's child support obligation in accordance with this opinion."
(Emphasis added.) Berthelot III at ¶ 34-35. *Page 7 
 {¶ 13} Following our remand, the trial court justified a tuition deviation and that finding has not been challenged in this appeal.
 {¶ 14} It is undisputed that Appellee initially paid $28,000 per year ($14,000 per child) for tuition. It is also undisputed that one of the parties' children graduated in the year 2000, reducing the tuition payments made by Appellee by $14,000. As such, under this Court's mandate, the trial court should not have awarded a deviation totaling $28,000, but rather should have calculated Appellee's deviation using only the $14,000 that was paid for that school year. The trial court, however, ignored this Court's mandate to pro-rate that adjustment to reflect only payments that were actually made by Appellee. As such, the trial court failed to follow this Court's mandate. Accordingly, Appellant's second assignment of error is sustained.
 ASSIGNMENT OF ERROR II "THE TRIAL COURT IMPROPERLY EXCEEDED THE SCOPE OF THIS COURT'S MANDATE BY CHANGING THE NUMBER OF UNEMANCIPATED CHILDREN ON THE CHILD SUPPORT WORKSHEET WHEN THE NUMBER OF UNEMANCIPATED CHILDREN WAS NOT DISPUTED ON APPEAL."
 ASSIGNMENT OF ERROR IV "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY OVERRULING LEGAL OBJECTIONS TO THE MAGISTRATE'S OCTOBER 31, 2006 DECISION DUE TO THE FAILURE TO FILE A TRANSCRIPT OF THE HEARING BEFORE THE MAGISTRATE." *Page 8 
 ASSIGNMENT OF ERROR V "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN ADOPTING THE MAGISTRATE'S RECOMMENDATIONS WHEN THE MAGISTRATE'S DECISION CONTAINED CLEAR LEGAL ERROR REGARDING THE EMANCIPATION OF THE PARTIES' THIRD CHILD[.]"
 {¶ 15} Appellant's second, fourth, and fifth assignments of error all relate to the trial court's calculation of child support. Accordingly, our resolution of Appellant's first and third assignments of error has rendered them moot and we decline to address them. See App.R.12(A)(1)(c).
 III. {¶ 16} Appellant's first assignment of error is overruled. Appellant's third assignment of error is sustained. Appellant's remaining assignments of error are moot and we decline to address them. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed in part, reversed in part, and the cause remanded with instructions that the trial court pro-rate its deviation from the child support guidelines to reflect the amount Appellee actually paid for tuition for the parties' children.
Judgment affirmed in part, reversed in part, and cause remanded.
 The Court finds that there were reasonable grounds for this appeal. *Page 9 
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to both parties equally.
SLABY, P.J. and DICKINSON, J. CONCUR
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.) *Page 1