OPINION
{¶ 1} Appellant, Robin Keyerleber, appeals the judgment of the Ashtabula County Court of Common Pleas, Juvenile Division, adopting the magistrate's decisions of May 10, 2006, and May 17, 2006, which made appellee, Robert Keyerleber, the sole residential parent of the minor children and ordered Robin to pay child support. The judgment also ordered Robin to reimburse Robert for what the magistrate found was an *Page 2 
overpayment of child support, and for certain extraordinary expenses Robert had incurred related to the children. We affirm the judgment of the court below.
 {¶ 2} The parties were divorced in Ashtabula County on October 12, 2000. Two children were born as issue of the marriage, Robert III (d.o.b. 8/10/92) and Adalade (d.o.b. 12/25/94). After the divorce, the matter was subsequently transferred from the Domestic Relations Division to the Juvenile Division, due to a subsequent delinquency adjudication involving Robert III.
 {¶ 3} On December 12, 2005, Robert filed a "Motion to Terminate Child Support and to Set Support" with the court, alleging a change in circumstances. The motion requested that the court terminate the child support order it had previously issued, and to issue a new child support order which would require Robin to pay support for the children.
 {¶ 4} On February 1, 2006, a hearing on Robert's Motion to Terminate Support was held and a magistrate's decision issued. In this decision, the magistrate found that the children have been in Robert's custody since May of 2004, and that Robin had tested positive for cocaine on January 10, 2006. Based upon these findings, Robert's Motion to Terminate Child Support was granted, and the court granted supervised visitation for the children with Robin, which was to occur once every week for no more than two hours. The magistrate's decision set the hearing on Robert's Motion to Set Support for March 16, 2006; the Motion for Custody was set for hearing on May 17, 2006.
 {¶ 5} On February 8, 2006, Robin's attorney of record filed a Motion to Withdraw as Counsel, based upon her failure to pay attorney's fees. This motion was *Page 3 
granted by the trial court the next day. On February 15, 2006, the trial court issued a judgment entry adopting the February 1, 2006 magistrate's decision in its entirety.
 {¶ 6} On February 23, 2006, appellee filed a Notice of Issuance of Subpoena for the March 16, 2006 child support hearing. Subpoenas were issued to First Merit Bank; Laura Adams — Manager of Employee Services at Progressive Insurance; Elizabeth Kubec of Progressive Insurance; the person in charge of payroll records at Progressive Insurance; and the Human Resources Office of Progressive Insurance.[1]
 {¶ 7} On March 6, 2006, Robin sent a letter, which was filed with the court on March 10, 2006, informing the court that she entered a residential drug and alcohol treatment facility located in Oklahoma, on February 16, 2006, and expected to be in treatment until approximately July. The letter requested that the court continue the March 16, 2006 support hearing on these grounds. The hearing to set support went on as scheduled. Robin appeared at this hearing, without counsel, by telephone.
 {¶ 8} On April 28, 2006, Robin's new counsel entered notice of appearance, and also filed a Motion to Appoint a Guardian ad Litem for the children. On May 9, 2006, Robert filed an "objection" to this motion, technically a brief in opposition.
 {¶ 9} On May 10, 2006, a Magistrate's Decision was issued pertaining to the Robert's Motion to Set Support. This decision ordered Robin to pay child support in the sum of $414.19 per month, commencing from December 12, 2005, the date of the filing of Robert's motion, and to pay $82.84 per month in child support arrearages. Robin's duty to pay was suspended as long as she was participating in in-patient drug *Page 4 
treatment.[2] The magistrate further ordered Robin to pay an 18% share of the costs of Robert III's court ordered residential treatment, and 18% of the therapy costs for Robert III's victims. Robin was also ordered to reimburse Robert in the amount of $4,941.73 for money he had already spent for these costs.
 {¶ 10} The magistrate also ordered Robin to pay 20% of any extraordinary medical expenses for the children, while Robert was responsible for an 80% share of these costs. Robert was granted the right to claim the children as dependents for tax purposes. Lastly, Robin was ordered to pay Robert $9,500.00, representing child support that Robert had overpaid her. This amount was to be offset against amounts Robert still owed from a property settlement previously arranged at the time of divorce.
 {¶ 11} On May 17, 2006, a review and custody hearing was held, and a second Magistrate's decision issued. The magistrate's findings of fact stated that Robin was "doing aftercare at Northcoast." The magistrate's decision ordered that Robin "shall participate and cooperate with aftercare at Northcoast," follow all recommendations regarding the aftercare program, and submit to random drug screens. She was also ordered to submit to a hair and urine screen every 90 days. The magistrate appointed Attorney Judith Kowalski as guardian ad litem. With regard to visitation, the magistrate ordered Robin to continue with supervised visits for 30 days, and eventually move into unsupervised visitation on the condition that she test clean for drugs. Finally, the magistrate ordered that Robert be made sole residential parent of Robert III and Adalade. *Page 5 
 {¶ 12} On May 24, 2006, Robin's original attorney filed a notice of appearance, replacing her second attorney.[3] On the same date, two Motions for Extension of Time to File Objections to the Magistrate's Decision of May 10, 2006 were filed, requesting that Robin be allowed an additional 60 days to object. The stated reason for the delay was thata transcript of the March 16, 2006 proceedings was being ordered. That same day, Robin's attorney sent two letters to the court reporter requesting that transcripts for the March 16 and May 17, 2006 hearings be prepared.
 {¶ 13} On June 5, 2006, Robert filed a Motion in Opposition, in effect, an answer brief in opposition to Robin's Motion for an Extension of Time to File Objections. In this motion, Robert argued that Robin's request for an extension of time was "merely being imposed for the purposes of delay."
 {¶ 14} On June 6, 2006, the trial court issued a judgment entry, adopting the May 17, 2006 Magistrate's Decision in its entirety.
 {¶ 15} On June 20, 2006, the trial court, granted Robin leave to file objections to Magistrate's Decision of May 10, 2006 until July 28, 2006. However, on July 7, 2006, the trial court issued a judgment entry adopting the May 10, 2006 support decision in its entirety.
 {¶ 16} On August 7, 2006, ten days past the deadline set in the court's leave to file objections, Robin filed a Motion for Leave to File Objections Instanter to the magistrate's decisions of May 10 and May 17, 2006. As the basis for her motion, Robin's counsel represented that the dictation tape upon which objections were made malfunctioned, and no transcription of the objections could be made by his staff. The *Page 6 
motion further represented that Robert's counsel consented to the filing of this motion. Objections to the magistrate's decisions of May 10 and May 17, 2006 were filed concurrently with the aforementioned motion.
 {¶ 17} On October 26, 2006, Robert filed a "Motion to Adopt" the magistrate's May 10, 2006 decision, which had previously been adopted by the court on July 7, 2006.
 {¶ 18} On November 1, 2006, the trial court granted Robin's Motion to File Objections to the May 10 and May 17, 2006 Magistrate's Decisions Instanter. "With consent of the opposing counsel," the trial court found the motion well-taken and ordered the aforementioned matters reset for hearing. The support hearing was rescheduled for February 22, 2007.
 {¶ 19} On November 8, 2006, the court issued a judgment entry "pursuant to a number of extensions to file objections," propounded by Robin. The court stated that "the Magistrate's Decision of May 17, 2006 is orally described as an agreement, however, the parties have not signed the Magistrate's Decision indicating consent nor does the transcript of the proceedings indicate an agreement was reached." (Emphasis added). For these reasons, the court referred that matter back to the magistrate for further hearing, scheduled for January 22, 2007.
 {¶ 20} On November 7, 2006, Robin filed a Motion to Continue the support hearing scheduled for February 22, 2007. The court granted the motion, and the matter was subsequently rescheduled for March 15, 2007.
 {¶ 21} On November 20, 2006, Robert filed an objection to the court's November 1, 2006 order scheduling a support hearing, and a "Motion to Adopt the Magistrate's *Page 7 
Decisions of May 10 and May 17, 2006." In support of this "motion," Robert's attorney filed an affidavit averring that he had consented to an extension of time for appellant to file objections, based upon misrepresentations made by Robin's counsel. To wit, Robert's counsel stated he consented to Robin's counsel's request for additional time to file objections based upon his explanation that the court had experienced difficulty transcribing the audiotape of the hearing, rather than his staff being unable to transcribe an audiotape onto which he had dictated the objections, as was represented to the court.
 {¶ 22} On November 22, 2006, the trial court considered Robert's "motion" and found it meritorious, adopting the magistrate's decisions of May 10 and May 17, 2006 in their entirety.
 {¶ 23} On November 30, 2006, Robin filed a Motion to Reconsider the court's November 22, 2006 order. The court denied this motion on December 6, 2006.
 {¶ 24} Robin filed two notices of appeal on December 18, 2006. The first appeal pertained to the trial court's judgment denying her Motion to Reconsider. This court dismissed that appeal, by means of a Memorandum Opinion issued on June 15, 2007. See Keyerleber v.Keyerleber, 11th Dist. No. 2007-A-0010, 2007-Ohio-3018.
 {¶ 25} The second is the instant appeal, in which Robin assigns the following as error for our review:
 {¶ 26} "The trial court erred in [sic] committed an abuse of discretion in failing to allow appellant opportunity to respond to a motion as afforded in Civil Rule 6 (d) [and] (e)." *Page 8 
 {¶ 27} We note, at the outset, that Robin is essentially attempting to contest the trial court's adoption of the magistrate's decision. "On appeal, a trial court's adoption of a magistrate's decision will not be overruled unless the trial court abused its discretion in adopting the decision." Brown v. Gabram, 11th Dist. No. 2004-G-2605, 2005-Ohio-6416, at ¶ 11 (citation omitted). "An abuse of discretion is more than an error of judgment or law; it implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable." Id., citing Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 28} However, as Robin notes, Civ. R. 6(D) states that "[a] written motion, other than one which may be heard ex parte, and notice of hearing thereof shall be served not later than seven days before the time fixed for the hearing, unless a different period is fixed by these rules or by order of the court." Civ. R. 6(E) further provides that "[w]henever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, three days shall be added to the prescribed period."
 {¶ 29} "Civ. R. 7(B)(2) gives a trial court the authority to enact a local rule of court modifying the seven-day period between the filing and hearing of a motion under Civ. R. 6(D). The rule also gives the trial court the authority to hear motions without an oral hearing."Hillabrand v. Drypers Corp. 87 Ohio St.3d 517, 519, 2000-Ohio-468, citing McGlone v. Grimshaw (1993), 86 Ohio App.3d 279, 283-284. Taken together, these two rules "regulate the time frame for submitting and responding to motions." Id. at 518. *Page 9 
 {¶ 30} Robin's argument appears to be that the trial court erred and abused its discretion by considering Robert's "objection" to the trial court's order rescheduling the support hearing and adopting his "motion to adopt" the magistrate's decision without first conforming to the notice provisions of Civ. R. 6(D) and (E), which would have provided her with ten days to respond before the court could rule on the motion. We disagree.
 {¶ 31} The court's adoption of a magistrate's decision is governed by Civ. R. 53. Under the rule, a party wishing to object to a magistrate's decision must "file written objections to a magistrate's decision within fourteen days of the filing of the decision." Civ. R. 53(D)(3)(b)(i). The rule further provides that "[t]he court may enter a judgment either during the fourteen days permitted by Civ. R. 53(D)(3)(b)(i) for the filing of objections to a magistrate's decision or after the fourteen days has expired." Ohio Civ. R. 53(D)(4)(e)(i).
 {¶ 32} In other words, under Civ. R. 53, "a court `may adopt a magistrate's decision and enter judgment without waiting for timely objections by the parties.'" Duganitz v. Ohio Adult Parole Auth.,92 Ohio St.3d 556, 557, 2001-Ohio-1283 (citation omitted).
 {¶ 33} This court has stated that, "[w]ith respect to Civ. R. 53(E)(3) [now Civ. R. 53(D)(3)(b)(i)], the time limit for filing objections begins to run when the magistrate's decision is filed, not upon the date ofservice." B-Right Trucking Co. v. Warfab Field Machining ErectionCorp., 11th Dist. No. 2000-T-0072, 2001-Ohio-8724, 2001 Ohio App. LEXIS 5635, at *5 (citation omitted). "[B]ecause the fourteen days begin to run on the date the decision is filed and not on the date the party receives notice of the *Page 10 
decision or is served a copy of it, Civ. R. 6(E) is not applicable." Id. at *6 (citation omitted). Thus, Civ. R. 53(D)(3)(b)(i) "should not be read in pari materia with Civ. R. 6(E)." Id.; accord Duganitz,92 Ohio St.3d at 557 ("Civ. R. 6(E) does not extend the time for filing objections to a magistrate's decision.").
 {¶ 34} The same logic would apply with regard to Civ. R. 6(D), since "Civ. R. 6(E), known as the `three-day mail rule,'" merely provides for an additional three days response time over and above the seven day response time provided by Civ. R. 6(D). Pulfer v. Pulfer (1996),110 Ohio App.3d 90, 92. This is particularly true since the premise underlying the time requirements of Civ. R. 6 is to allow "the party against whom the motion is made "* * * `sufficient notice and time to prepare * * * in order to avoid undue prejudice.'" McGlone,86 Ohio App.3d at 283
(citation omitted).
 {¶ 35} In the instant case, Robin cannot be said to have been unduly prejudiced, since it is undisputed that she appeared for both of the hearings in question, but did not file objections to either the May 10, 2006, or the May 17, 2006 magistrate's decisions within the fourteen day period as prescribed by Civ. R. 53(D)(3)(b)(i). Moreover, prior to any objections being filed, Robin had fired her second attorney and rehired her first attorney, who filed a motion requesting an extension of time in which to file objections only to the Magistrate's Decision of May 10, 2006.
 {¶ 36} Since Robin did not request an extension of time to file objections to the May 17, 2006 magistrate's decision, and no objections were timely filed, the court adopted this magistrate's decision in full on June 6, 2006. The trial court, in the absence of any objections to the May 10, 2006 magistrate's decision, eventually adopted this decision as the judgment of the court on July 7, 2006. Robin did not *Page 11 
submit her motion to file objections instanter, or her objections, on August 7, 2006, exactly one month after the May 10, 2006 magistrate's decision was adopted.
 {¶ 37} Furthermore, although Robin was objecting to certain findings of fact made by the magistrate, she never submitted transcripts or affidavits of the evidence for the trial court's review. Civ. R. 53(D)(3)(b)(iii) states: "An objection to a factual finding, whether or not specifically designated as a finding of fact * * * shall be supportedby a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available." Having failed to submit transcripts, the trial court's review was limited "to the legal conclusions in light of the facts found by the magistrate." Berthelot v. Berthelot, 9th Dist. No. 23561,2007-Ohio-3884, at ¶ 6 (citation omitted). Indeed, "a trial court abuses its discretion when it fails to adopt a finding of fact made by the magistrate," absent a transcript of the proceedings, affidavit or additional evidentiary hearing. Id. (citation omitted).
 {¶ 38} Under the circumstances presented herein, the trial court did not abuse its discretion in granting Robert's "motion to adopt" the magistrate's decisions of May 10 and May 17, 2006.
 {¶ 39} Robin's sole assignment of error is without merit.
 {¶ 40} Based upon the foregoing analysis, the judgment of the Ashtabula County Court of Common Pleas, Juvenile Division, is affirmed. Costs to be taxed against appellant.
TIMOTHY P. CANNON, J., concurs, MARY JANE TRAPP, J., concurs in judgment only with a Concurring Opinion.
[1] Progressive Insurance is Robin's former employer.
[2] Pending the outcome of the appeal, this court issued a stay of execution of the judgment, limited only to the portion of the child support order having to do with arrearages. This order was conditioned upon Robin posting a supersedeas bond.
[3] Robin's second attorney, Terri L. Stupica, filed a Motion to Withdraw as Counsel on May 31, 2006, at Robin's request. This motion was granted by the court on June 6, 2006. *Page 12