{¶ 14} I respectfully dissent. The majority asserts that, because the magistrate merely paraphrased the mechanic's expert testimony without stating whether the mechanic testified in terms of probability, Ms. Meluch was required to file a transcript in support of her objections to the magistrate's finding that the collision caused Ms. Wooley's transmission problems. I disagree. *Page 8 
 {¶ 15} Ms. Meluch has not contested the recitation of the evidence or the factual findings in the magistrate's decision. Rather, she has argued error in the magistrate's conclusion of law that the evidence was sufficient to demonstrate proximate cause.
 {¶ 16} The magistrate wrote that the mechanic "opined that the broken part could have been caused by the rear-end collision, but he could not state with certainty that it did." After a discussion of the evidence, the magistrate wrote: "Based upon the foregoing, the Magistrate makes the following Findings of Fact: *** 4. Plaintiffs truck later developed problems with its transmission, which were caused by the collision
"(Emphasis added.) "Based upon the foregoing," the sole evidence on the issue of proximate cause was "so meager and inconclusive that a finding of proximate cause would rest solely on speculation and conjecture," so that Ms. Meluch would have been entitled to judgment as a matter of law. See Thewlis v. Munyon (Feb. 16, 1994), 9th Dist. No. 2262-M. Notwithstanding the magistrate's characterization of this statement as a "finding of fact," in effect it is a conclusion of law. The absence of any evidence regarding the probability or likelihood of the collision causing the damage is insufficient to allow the magistrate to have reached such a conclusion. Based on the evidence before the court, as enunciated by the magistrate, the magistrate erred as a matter of law by concluding that the collision was the proximate cause of Ms. Wooley's transmission problems. As Ms. Meluch objected to a conclusion of law, she was not required to file a transcript of the evidence in support. See Berthelot v. Berthelot, 9th Dist. No. 23561, 2007-Ohio-3884, at ¶ 7. Accordingly, the trial court erred by overruling her objections on the basis of her failure to support her objections with a transcript or affidavit of the evidence. I would reverse and remand the matter for further proceedings. *Page 1