**[Cite as *Sandel v. Choma*, 2017-Ohio-8301.]**

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| LORI SANDEL | C.A. No. 28476 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| DAVID CHOMA | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. DR-1998-06-1433 |

DECISION AND JOURNAL ENTRY

Dated: October 25, 2017

CALLAHAN, Judge.

{¶1} David Choma ("Father") appeals from an order of the Summit County Common Pleas Court, Domestic Relations Division. This Court reverses.

I.

{¶2} Father and Lori Sandel ("Mother") are the divorced parents of two children. Initially, Father was ordered to pay child support to Mother. But, due to changing circumstances over the years, Mother was later ordered to pay child support to Father.

{¶3} Support obligations for the oldest child terminated in September 2014 because she was 18 years old and no longer in high school. Consequently, Mother's monthly support obligation was reduced. The Summit County Child Support Enforcement Agency ("CSEA") calculated a child support overpayment of $12,587.37 as of August 14, 2014.

{¶4} In the meantime, Mother's salary had increased. On January 29, 2015, Father filed a motion seeking an increase in child support and reimbursement of medical expenses that

he had paid for the children. Mother then filed a motion seeking repayment of the overpaid child support and reimbursement of medical expenses that she had paid for the children. Following a motion to consolidate hearing dates and multiple motions for continuances, the matter came on for a hearing before the magistrate on October 21, 2015.

{¶5}    At that hearing, evidence was presented regarding the parties' incomes and the medical expenses each had paid for the children. In addition, Mother presented a copy of the order terminating child support for the oldest child and listing the overpayment amount of $12,587.37. Father presented a sheet on which he had calculated an amount owed to Mother, an amount owed to him, and a net amount that he claimed Mother owed him.

{¶6}    The magistrate issued a decision in May 2016 finding that Mother had previously overpaid child support to Father, creating a credit due to Mother. The magistrate further found that each party owed the other for medical expenses, but, after offsetting the amounts, the net result was that Mother owed Father for medical expenses. The magistrate also found that Mother's child support obligation should be increased effective January 29, 2015, creating an arrearage that she owed to Father. After offsetting the amounts each party owed the other, the magistrate concluded that Father owed Mother a net amount of $7,320.61.

{¶7}    Both sides filed objections to the magistrate's decision. Among other things, the parties objected to the income amounts used by the magistrate, the child support calculations, and the net amount owed by Father to Mother.

{¶8}    Prior to receiving the objections, the trial court entered an order terminating the child support obligation for the second child because he was 18 years old and no longer in high school. The recommendation from CSEA accompanying the order noted that, as of March 31, 2016, there was a child support overpayment of $12,409.31.

{¶9} In December 2016, the trial court entered its order ruling on the parties' objections. The trial court corrected the income amounts for both parties and the resulting child support calculations. After calculating and applying various offsetting amounts, the trial court concluded that the net amount owed from Father to Mother was $6,523.20.

{¶10} Father filed a timely appeal, raising one assignment of error.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED IN ITS CALCULATION OF THE AMOUNT OF THE CHILD SUPPORT OVERPAYMENT AND IN GRANTING JUDGMENT FOR THE SAME TO LORI SANDEL.

{¶11} In his sole assignment of error, Father argues that the trial court erred in calculating the net amount he owed to Mother. More particularly, he contends the trial court gave Mother "double credit for child support payments." This Court agrees.

{¶12} Appellate courts review a trial court's decision concerning child support matters using an abuse of discretion standard. *Tustin v. Tustin*, 9th Dist. Summit No. 27164, 2015-Ohio-3454, ¶ 21. "'A trial court will be found to have abused its discretion when its decision is contrary to law, unreasonable, not supported by evidence, or grossly unsound.'" *Id.*, quoting *Menke v. Menke*, 9th Dist. Summit No. 27330, 2015-Ohio-2507, ¶ 8.

{¶13} Generally, a domestic relations court loses jurisdiction to modify parental rights and responsibilities, including child support, when a child is emancipated. *Berthelot v. Berthelot*, 9th Dist. Summit No. 23561, 2007-Ohio-3884, ¶ 8. The court, however, retains jurisdiction to reduce past support obligations to judgment. *D. Driskill v. G.W. Driskill*, 9th Dist. Summit No. 10965, 1983 Ohio App. LEXIS 14963, *3 (Apr. 20, 1983); *see also Bercaw v. Bercaw*, 45 Ohio St.3d 160, 162 (1989). Similarly, the court retains jurisdiction to reduce an overpayment to

judgment. *Pearson v. Pearson*, 6th Dist. Erie No. E-90-12, 1991 Ohio App. LEXIS 155, *9 (Jan. 18, 1991). The court also possesses the equitable power to offset arrearages against overpayments. *See Mihna v. Mihna*, 48 Ohio App.3d 303, 305 (8th Dist.1989); *Jefferies v. Stanzak*, 135 Ohio App.3d 176, 181 (12th Dist.1999).

**{¶14}** In the instant matter, Mother overpaid child support before either child was emancipated. In addition, Father filed his motion to modify child support before the second child was emancipated. Thus, although the trial court's decision came after both children were emancipated, it concerned child support issues over which the trial court had continuing jurisdiction.

**{¶15}** Turning to the calculation at issue, the parties presented evidence at the magistrate's hearing concerning Mother's prior overpayment, medical expenses paid, and the parties' incomes for the relevant time periods. The parties agreed that, as of August 14, 2014, Mother had overpaid child support in the amount of $12,587.37 as calculated by CSEA. Beginning with that number, Father added monthly support payments of $275.32 per month and calculated that Mother had paid a total of $16,166.53. He then calculated an amount that he claimed Mother owed him based on the new child support amounts he was seeking and medical expenses he had paid. By offsetting those calculations, Father concluded that Mother owed him a net amount of $1,975.26.

**{¶16}** When the parties were moving their exhibits into evidence, Mother objected to Father's worksheet noting that she paid $292.42 per month in child support, not $275.32. Father's attorney conceded that the amount should be adjusted by the court in that he had made an error in using the amount that Father receives rather than the amount that Mother pays. The

magistrate admitted the worksheet "for the purpose of understanding [Father's] argument" and "the logic of what he's asking the [c]ourt to do."

{¶17} Nonetheless, the magistrate used the $16,166.53 amount from Father's worksheet in her calculations, concluding that Mother had overpaid that amount to Father. The magistrate calculated the other amounts owed between the parties herself. The magistrate offset the medical expenses each owed to the other and determined that Mother owed Father $3,795.46 for medical expenses.[1] The magistrate subtracted that amount from $16,166.53 to determine the amount owed by Father to Mother. The magistrate also found that Mother's child support obligation should be increased effective the date of Father's motion, although in a lesser amount than Father sought. Based on Mother's increased child support obligation, the magistrate determined an arrearage amount owed by Mother to Father. Finally, the magistrate subtracted the arrearage amount from the earlier amount she determined Father owed to Mother in order to determine a net amount owed from Father to Mother.

{¶18} Following the parties' objections, the trial court determined that Mother's monthly support obligation was different than the amount calculated by the magistrate. For the period from January 29, 2015 to July 31, 2015, the court determined that Mother's support obligation was $604.58 per month. For the period from August 1, 2015 to May 27, 2016, the trial court determined that Mother's support obligation was $678.67 per month. The trial court found, however, that Mother had already paid Father $292.42 per month during those time periods. Consequently, the trial court calculated a "balance due" for each of those periods by subtracting the payments made from the amounts of the respective obligations. The "balance

---

[1] The parties did not object to this conclusion by the magistrate.

due" for January 29, 2015 to July 31, 2015 was $1,903.17. The "balance due" for August 1, 2015 to May 27, 2016 was $3,944.70.

{¶19} The trial court concluded, "[o]ffsetting the overpayment total with the amount owed to Father, Mother's overall overpayment is $6,523.20" and granted judgment to Mother in that amount. Although the trial court did not explicitly state what the "overpayment total" was in its entry, it is clear that it utilized the $16,166.53 amount, rather than the amount as determined by CSEA. Subtracting the amounts owed from Mother to Father for medical expenses and the "balance[s] due" from Mother for child support from $16,166.53 yields the result reached by the trial court. $16,166.53 - $3,795.46 (medical expenses) - $1,903.17 (balance due) - $3,944.70 (balance due) = $6,523.20.

{¶20} The trial court, however, failed to account for the fact that the $16,166.53 amount already credited Mother for some portion of the child support payments that she had previously made. The trial court then subtracted the full amount of those payments when calculating the "balance due" on Mother's child support obligation. Thus, Mother was credited twice for some portion of the child support payments that she made.[2]

{¶21} By crediting Mother more than once for child support payments made, the trial court abused its discretion. Consequently, this Court remands this matter back to the trial court to recalculate the amount owed by Father to Mother.

{¶22} Father's assignment of error is sustained.

---

[2] While the credits overlap, this Court notes that there is not a strict one-to-one correspondence in the amounts Mother was credited. The $16,166.53 figure credited Mother $275.32 per month, while the "balance due" calculations credited Mother $292.42 per month. In addition, only some of the months overlap in the two calculations.

III.

**{¶23}** Having sustained Father's sole assignment of error, this Court reverses the judgment of the Summit County Court of Common Pleas, Domestic Relations Division, and remands this matter for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

LYNNE S. CALLAHAN
FOR THE COURT

HENSAL, P. J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

JOHN M. DOHNER, Attorney at Law, for Appellant.

KEVIN S. SANDEL, Attorney at Law, for Appellee.