[Cite as *State ex rel. Sheldon v. Swenski*, 2019-Ohio-3983.]

STATE OF OHIO ) IN THE COURT OF APPEALS
)ss: NINTH JUDICIAL DISTRICT
COUNTY OF LORAIN )

STATE OF OHIO EX REL. WILLIAM
SCOTT SHELDON

    Relator

    v.

LISA SWENSKI, JUDGE

    Respondent

C.A. No.    19CA011526

ORIGINAL ACTION IN
PROHIBITION

Dated: September 30, 2019

---

PER CURIAM.

{¶1} Relator, William Scott Sheldon, has filed a petition for a writ of prohibition to prevent Judge Lisa Swenski from exercising jurisdiction in a domestic relations case pending before her. Judge Swenski has moved to dismiss. For the following reasons, we grant the motion to dismiss.

{¶2} Mr. Sheldon is the plaintiff in an action pending before Judge Swenski. According to the complaint, the trial court entered a divorce decree in 2008; that decree did not retain jurisdiction over spousal support. In 2017, Ms. Sheldon moved to modify spousal support. A week later, she amended her motion to request child support. In January 2019, while the motion remained pending, the parties' last child turned 18 years old and, in June 2019, he graduated from high school. Judge Swenski scheduled a hearing on the pending motion to modify for July 2019.

{¶3} Mr. Sheldon filed this complaint for writ of prohibition to ask this Court to order Judge Swenski to cancel the hearing and stop any further proceedings on the motion related to the child who has become emancipated. Judge Swenski moved to dismiss, asserting several bases for this Court to dismiss the petition. One of Judge Swenski's arguments is that she is authorized to exercise judicial power to determine support obligations related to prior orders entered before the child became emancipated. Mr. Sheldon replied to the motion to dismiss. Both Mr. Sheldon and Judge Swenski relied on *Sandel v. Choma*, 9th Dist. Summit No. 28476, 2017-Ohio-8301, to support their positions.

{¶4} Generally, for this Court to issue a writ of prohibition, Mr. Sheldon must establish that: (1) Judge Swenski is about to exercise judicial power, (2) the exercise of that power is unauthorized by law, and (3) the denial of the writ will result in injury for which no other adequate remedy exists. *State ex rel. Jones v. Garfield Hts. Mun. Court*, 77 Ohio St.3d 447, 448 (1997). Mr. Sheldon's petition alleges that Judge Swenski is about to exercise judicial power and that the exercise of that power is unauthorized by law. He has also alleged that the lack of jurisdiction is patent and unambiguous. In cases of a patent and unambiguous lack of jurisdiction, the requirement of a lack of an adequate remedy at law need not be proven because the availability of alternate remedies would be immaterial. *State ex rel. Goldberg v. Mahoning Cty. Probate Court*, 93 Ohio St.3d 160, 162 (2001).

{¶5} "[T]he purpose of a writ of prohibition is to restrain inferior courts and tribunals from exceeding their jurisdiction." *State ex rel. Jones v. Suster*, 84 Ohio St.3d

70, 73 (1998). A writ of prohibition "tests and determines solely and only the subject matter jurisdiction" of the lower court. *State ex rel. Eaton Corp. v. Lancaster*, 40 Ohio St.3d 404, 409 (1988).

{¶6} When this Court reviews a motion to dismiss under Civ.R. 12(B)(6), we must presume that all of the factual allegations in the complaint are true and make all reasonable inferences in favor of the nonmoving party. *State ex rel. Seikbert v. Wilkinson*, 69 Ohio St.3d 489, 490 (1994). A complaint can only be dismissed when, having viewed the complaint in this way, it appears beyond doubt that the relator can prove no set of facts that would entitle her to the relief requested. *Goudlock v. Voorhies*, 119 Ohio St.3d 389, 2008-Ohio-4787, ¶ 7.

{¶7} Viewing the allegations of the complaint in the light required by Civ.R. 12(B)(6), Mr. Sheldon's complaint does not state a claim for prohibition upon which relief can be granted. Unless a trial court patently and unambiguously lacks jurisdiction, a court having general jurisdiction of the subject matter has the authority to determine its own jurisdiction to hear a cause, and the party challenging the court's jurisdiction has an adequate remedy through an appeal. *Brooks v. Gaul*, 89 Ohio St.3d 202, 203 (2000).

{¶8} Mr. Sheldon contends that Judge Swenski patently and unambiguously lacks jurisdiction because his son has reached the age of majority and graduated from high school. He points to several Supreme Court cases that discuss the duty of support ending and the legal rights of adults beginning when the child reaches the age of majority. *See Castle v. Castle*, 15 Ohio St.3d 279, 282 (1984), and *Thomasson v. Thomasson*, 153 Ohio St.3d 398, 2018-Ohio-2417, ¶ 55. Both Mr. Sheldon and Judge Swenski rely on

*Sandel*; Mr. Sheldon for the proposition that a trial court loses jurisdiction to modify child support when the child is emancipated and Judge Swenski because the decision notes that the trial court retained continuing jurisdiction after the children had emancipated.

{¶9} This Court considered the timing issue in a case where the motion to modify child support was filed before the child was emancipated but the order was not entered until after the child was emancipated. We concluded that if we accepted the father's position that the trial court erred by addressing the motion,

> parties would be discouraged from seeking child support modification as the child nears emancipation. Inequities would also arise between similar cases taking different amounts of time to reach a final judgment. A movant in a child support modification case should not be penalized by such fortuitous events as the docket of the court or delays caused by the opposing party. It is not equitable that a movant in a support modification case, with a legitimate basis for the motion, be penalized by the emancipation of the child during the pendency of the case.

*Absalom v. Absalom*, 9th Dist. Summit No. 15122, 1991 WL 232291, *4.

{¶10} *Sandel* and *Absalom* demonstrate that the question of Judge Swenski's jurisdiction to act is not as clear as Mr. Sheldon has asserted in his complaint or, in other words, she does not patently and unambiguously lack jurisdiction. The Ohio Supreme Court recently recognized that there are two general areas in which it has found a trial court patently and unambiguously lacks jurisdiction: (1) a statute has explicitly removed jurisdiction from the court, and (2) in rare cases, where personal jurisdiction is lacking. *Ohio High School Athletic Assn. v. Ruehlman*, Slip Opinion No. 2019-Ohio-2845, ¶ 9 and n.1. Neither of those situations apply here.

{¶11} Mr. Sheldon asserted in his complaint that Judge Swenski patently and unambiguously lacked jurisdiction. Considering the allegations in the complaint as true, however, we must conclude that Judge Swenski does not patently and unambiguously lack jurisdiction. She has general jurisdiction over this kind of case and, accordingly, she has the authority to determine her jurisdiction. Appeal provides an adequate remedy for Mr. Sheldon if he disagrees with Judge Swenski's decision.

{¶12} Because Mr. Sheldon cannot prevail on the facts he alleged, the petition is dismissed. Costs of this action are taxed to Relator. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

THOMAS A. TEODOSIO
FOR THE COURT

HENSAL, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

JOHN V. HEUTSCHE, Attorney at Law, for Relator.

DENNIS P. WILL, Prosecuting Attorney, and CARA M. FINNEGAN, Assistant Prosecuting Attorney, for Respondent.